586 P.2d 216

ARIZONA DEPARTMENT OF ECO-
NOMIC SECURITY, Appellant,

v.

A. Jay HOLLAND, Appellee.

No. 2 CA–CIV 2851.

Court of Appeals of Arizona,
Division 2.

Oct. 17, 1978.

John A. LaSota, Jr., Atty. Gen. by C.
Eileen Bond, Asst. Atty. Gen., Phoenix, for
appellant.

Southern Arizona Legal Aid, Inc. by Les-
lie A. Nixon, Tucson, for appellee.

OPINION

RICHMOND, Chief Judge.

Appellee filed a complaint in superior
court seeking review of a final decision of
the Arizona Department of Economic Se-
curity (DES) denying him unemployment
insurance compensation. A responsive
pleading was filed by DES and a judgment
was subsequently entered reversing its deci-
sion. Approximately four months later,
DES filed a motion to vacate the judgment
on the ground that it was void. The motion
was denied and this appeal followed. We
agree with DES that the superior court
lacked jurisdiction to entertain appellee's
appeal from the administrative decision and
reverse.

A.R.S. § 12–904 requires that an action to
review a final administrative decision be
commenced within 35 days from the date
when a copy of the decision sought to be
reviewed is served upon the party affected.
It is undisputed that appellee's complaint
was not filed within this time requirement.
In opposition to the motion to vacate, he
argued that A.R.S. § 12–904 is merely a
statute of limitations rather than a jurisdic-
tional requirement and that appellant, by
failing to plead such defense, had waived it.

Appellee has cited no authority for his
position. Independent research has dis-
closed but one case holding that the statuto-
ry period for filing a civil action to review
an administrative decision is one of limita-
tion, rather than jurisdiction. *Diva Labora-
torium Aktiengesellschaft v. DeLoney and
Company*, 237 F.Supp. 868 (D.D.C.1965).
The weight of authority is otherwise—com-

pliance with the statutory requirement as to appeal time is a jurisdictional prerequisite to judicial review of an administrative decision. *See, e. g., Varnes v. Lentz,* 30 Ill.App.3d 806, 332 N.E.2d 639 (1975); *Brooks v. Dierker,* 275 Or. 619, 552 P.2d 533 (1976).

Judicial review of administrative decisions is not a matter of right except when authorized by law. *Allen v. Graham,* 8 Ariz.App. 336, 446 P.2d 240 (1968). Appeal being a statutory privilege, jurisdictional requirements prescribed by statute must be strictly complied with to achieve entrance to appellate review. *City of Tucson v. Wondergem,* 4 Ariz.App. 291, 419 P.2d 552 (1966). We hold that appellee's failure to file his complaint in superior court within 35 days deprived that court of jurisdiction to review the decision of DES. When a judgment is void for lack of jurisdiction, the court has no discretion to refuse to vacate the judgment. *Preston v. Denkins,* 94 Ariz. 214, 382 P.2d 686 (1963).

The order denying the motion to vacate the judgment is reversed with directions to enter an order dismissing the complaint.

HOWARD and HATHAWAY, JJ., concur.