Marguerite M. KAY, Plaintiff—
Appellant,

v.

Peter LIKINS, husband; Jane Doe Likins, wife; Paul Sypherd, husband; Jane Doe Sypherd, wife; Elizabeth Glisky, wife; John Doe Glinsky, husband; Mark Isaac, husband; Jane Doe Isaac, wife; Ida Marie Moore, "ki" wife; John Doe Moore, husband; Gary Wenk, husband; Jane Doe Wenk, wife; Darrel Goll, husband; Jane Doe Goll, wife; Charles Nugent, husband; Jane Doe Nugent, wife; David Galbraith, husband; Jane Doe Galbraith, wife; Li–Zhi Fang, husband; Jane Doe Fang, wife; Ralph Fregosi, husband; Jane Doe Fregosi, wife; Board of Regents, Defendants—Appellees.

No. 04–15483.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Dec. 22, 2005.

---

Don Awerkamp, Esq., Raven & Awerkamp, P.C., Tucson, AZ, for Plaintiff–Appellant.

Dale A. Danneman, Esq., Kimberly Demarchi, Lewis & Roca, LLP, Phoenix, AZ, for Defendants–Appellees.

Before: O'SCANNLAIN, THOMAS, and TALLMAN, Circuit Judges.

MEMORANDUM *

Plaintiff–Appellant Marguerite M. Kay appeals the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) of her federal and Arizona state law claims. Because the details of the prior administrative, state court, and federal court proceedings are familiar to the parties, we discuss them here only to the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

extent necessary to explain our decision to affirm the district court.

■ The district court properly dismissed Kay's federal claims under 42 U.S.C. § 1983 against the defendant-appellees in their official capacities because they are not "person[s]" under the meaning of the statute.[1] In *Will v. Michigan Dep't of State Police,* the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). The University of Arizona is an "arm" of the State for Eleventh Amendment immunity purposes and, thus, neither the school nor the Arizona Board of Regents, the agency which supervises the University's functions, may be sued under § 1983. *See Rounds v. Oregon State Bd. of Higher Educ.,* 166 F.3d 1032, 1035 (9th Cir.1999) (holding that Eleventh Amendment immunity applies because the University of Oregon is an arm of the State of Oregon).

■ Additionally, the individual defendant-appellees may not be sued for retrospective damages or relief while acting in their official capacity for the University during administrative proceedings. *See Will,* 491 U.S. at 71, 109 S.Ct. 2304. Although individuals acting in their official capacity for the State may be sued for prospective injunctive relief under the *Ex parte Young* doctrine, a limited exception to Eleventh Amendment immunity, Kay did not ask for prospective relief in her amended complaint. *See* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).

■ With respect to Kay's § 1983 claim against the defendant-appellees in their personal capacities, the individual defendant-appellees are qualifiedly immune from Kay's federal substantive due process claims because the alleged rights at issue were not clearly established at the time of her termination from employment.[2] *See Lum v. Jensen,* 876 F.2d 1385 (9th Cir.1989) (holding that qualified immunity applies where there was no clearly established due process right to continued public employment that would preclude arbitrary termination where Ninth Circuit law on the subject is unsettled). Kay's procedural due process claims against the individual defendant-appellees have no merit, as she was given ample opportunity and notice to mediate the dispute with the University and to defend against the allegations with an attorney at administrative hearings.

■ The district court properly dismissed Kay's state-law claims under the Arizona state constitution because she failed to bring an administrative review

---

1. Section 1983 provides, in part:
   Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]
   42 U.S.C. § 1983.

2. Kay alleges substantive due process violations of her property interest in her employ-

ment and her liberty interest in her good name. Ninth Circuit public employment law is unsettled, and other circuits have rejected substantive due process rights in continued public employment. *See Nicholas v. Pa. State Univ.,* 227 F.3d 133, 142–43 (3d Cir.2000); *McKinney v. Pate,* 20 F.3d 1550, 1556 (11th Cir.1994). We have implied that there exist procedural due process rights but not substantive due process right to one's "good name." *See Mustafa v. Clark County Sch. Dist.,* 157 F.3d 1169, 1179 (9th Cir.1998) (holding there is no deprivation of liberty where an employee is given a chance to clear his name).

action under the Arizona Administrative Review Act ("AARA") within the 35-day statutory filing period. A.R.S. § 12–901 *et seq.* (2004). Judicial review of administrative decisions is only available to the extent provided by the AARA. *See e.g., Arizona Comm'n of Agric. & Hort. v. Jones,* 91 Ariz. 183, 370 P.2d 665, 668 (1962). Under the AARA, an appellee's failure to file a complaint in superior court within 35 days of receiving a copy of the administrative agency's decision deprives the state court of jurisdiction to review the decision. *Arizona Dep't of Econ. Sec. v. Holland,* 120 Ariz. 371, 586 P.2d 216, 217 (1978). Kay's tortious interference of contract claim against the individual defendant-appellees also fails. Arizona law prohibits suit against state employees for tortious interference with their state employer's employment contracts, if the employees were acting for the benefit of the employer. *Barrow v. Ariz. Bd. of Regents,* 158 Ariz. 71, 761 P.2d 145, 152 (1988).

██ Finally, the district court did not abuse its discretion when it denied Kay's leave to amend her complaint for the second time. "The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint." *Fidelity Fin. Corp. v. Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) (citation omitted). Despite notice of her initial complaint's deficiencies, Kay failed to rectify them in her amended complaint.

AFFIRMED.