IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

| | | |
|---|---|---|
| TWIN PEAKS CONSTRUCTION INC. OF NEVADA, a Nevada corporation, | ) ) ) | 2 CA-CV 2006-0095 DEPARTMENT B |
| Plaintiff/Appellant, | ) ) | O P I N I O N |
| v. | ) ) | |
| WEATHERGUARD METAL CONSTRUCTION, INC., an Arizona corporation, | ) ) ) ) | |
| Defendant/Appellee. | ) ) | |

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CV200500271

Honorable Stephen M. Desens, Judge

AFFIRMED

Lee & Travers, P.L.C.
  By Brenda J. Lee                                          Tucson
Attorneys for Plaintiff/Appellant

Gary W. Ramaeker, P.C.
  by Gary W. Ramaeker                             Sierra Vista
Attorney for Defendant/Appellee

E S P I N O S A, Judge.

¶1	Twin Peaks Construction Inc. of Nevada appeals from the superior court's ruling affirming the order of the Arizona Registrar of Contractors requiring Twin Peaks to comply with A.R.S. § 32-1154(A)(11) by paying its subcontractor, appellee Weatherguard Metal Construction, Inc., amounts owed and also awarding Weatherguard its attorney fees. Twin Peaks argues a conflict exists between A.R.S. § 32-1153 and A.R.S. § 32-1154, and both the Registrar and the superior court incorrectly interpreted § 32-1153 to preclude Twin Peaks's asserted defense based on that statute. Finding no error, we affirm.

**Background**

¶2	Twin Peaks contracted with the City of Bisbee to build improvements in a city park and subcontracted the fabrication and installation of a metal ramada to Weatherguard. Twin Peaks was paid for the park project in February 2004, but failed to pay the entire amount owed to Weatherguard. Weatherguard filed a complaint with the Registrar, alleging Twin Peaks had violated § 32-1154(A)(11) by failing to pay a subcontractor "when due for materials or services rendered in connection with [its] operations as a contractor." Twin Peaks asked the administrative law judge (ALJ) to dismiss Weatherguard's claim, asserting § 32-1153 prevents an unlicensed contractor from bringing an action to collect for its work.[1]

---

[1]Although Twin Peaks suggests Weatherguard was unlicensed when it performed the subcontract, the record reflects Weatherguard was a licensed contractor in Arizona. Twin Peaks relies on a letter from a Registrar employee stating three specific licenses would be required, but that letter neither lists what type of work requires those licenses nor states Weatherguard was not properly licensed to perform the work it completed for the Bisbee project.

2

The ALJ found "that statute pertains to actions in civil court, not administrative proceedings" and denied the motion.

¶3        After a hearing, the ALJ first concluded that due to Twin Peaks's failure to file a complaint with the Registrar regarding Weatherguard's license status, that issue was not properly before the ALJ in a proceeding to determine whether Twin Peaks had violated § 32-1154(A)(11).[2]  The ALJ noted Twin Peaks had not contested its nonpayment or the amount owed, but had only claimed Weatherguard's licensing status was a complete defense to Twin Peaks's failing to comply with § 32-1154(A)(11).  Finally, the ALJ found Twin Peaks had failed to pay for services as required by § 32-1154(A)(11) and ordered it to pay Weatherguard to prevent revocation of Twin Peaks's contractor's license under the statute. The Registrar adopted the ALJ's order with only typographical changes.

¶4        Twin Peaks then filed a civil complaint in Pima County seeking judicial review of the Registrar's order.  However, by stipulation, the case was transferred to Cochise County because it arose from actions there.  The superior court, after hearing oral arguments, affirmed the Registrar's order and awarded Weatherguard attorney fees and costs.  Twin Peaks now appeals to this court.

---

[2]The ALJ also noted that, even had Weatherguard's license status been at issue, Twin Peaks had "failed to produce sufficient evidence to prove its position."

**Discussion**

¶5        "When reviewing a superior court judgment affirming administrative action, we will determine whether there is substantial evidence to support the decision." *Sunpower of Ariz. v. Ariz. State Registrar of Contractors*, 166 Ariz. 437, 439, 803 P.2d 430, 432 (App. 1990). But "we will independently determine issues of law." *Id.; see also McMurren v. JMC Builders, Inc.*, 204 Ariz. 345, ¶ 5, 63 P.3d 1082, 1085 (App. 2003) (when reviewing an agency decision, superior court is free to independently determine interpretation of applicable law). "[T]he interpretation of statutory requirements governing judicial review of administrative decisions is a question of law." *Bolser Enters., Inc. v. Ariz. Registrar of Contractors*, 213 Ariz. 110, ¶ 12, 139 P.3d 1286, 1288 (App. 2006).

¶6        Twin Peaks asserts there exists an irreconcilable conflict between §§ 32-1153 and 32-1154 that prevents the enforcement of § 32-1154(A)(11) against it. Section 32-1153 states:

> No contractor . . . shall act as agent or commence or maintain any action *in any court of the state* for collection of compensation for the performance of any act for which a license is required by this chapter without alleging and proving that the contracting party whose contract gives rise to the claim was a duly licensed contractor when the contract sued upon was entered into and when the alleged cause of action arose.

(Emphasis added.) Based on the language of the statute, the ALJ specifically concluded § 32-1153 applies to civil actions, not administrative proceedings. Resolving this issue involves interpreting the statute, a question of law subject to our *de novo* review. *See Phoenix Newspapers, Inc. v. Molera*, 200 Ariz. 457, ¶ 10, 27 P.3d 814, 817 (App. 2001).

4

When interpreting a statute, we seek to discern and give effect to the legislature's intent. *McMurren*, 204 Ariz. 345, ¶ 7, 63 P.3d at 1085. "If a statute is clear and unambiguous, we generally apply it without using other means of construction." *UNUM Life Ins. Co. v. Craig*, 200 Ariz. 327, ¶ 12, 26 P.3d 510, 513 (2001); *see also City of Mesa v. Killingsworth*, 96 Ariz. 290, 294, 394 P.2d 410, 412 (1964) ("Where the statute is unambiguous, the courts will only apply the language used and not interpret, for the statute speaks for itself.").

¶7        "Words contained in statutes are to be given their ordinary meaning unless the context in which they are used suggests another meaning." *Sunpower*, 166 Ariz. at 440, 803 P.2d at 433. The text of § 32-1153 limits its application to "any action in any court of the state for collection of compensation." *See Kenyon v. Karber Constr. Co.*, 144 Ariz. 576, 577, 698 P.2d 1295, 1296 (App. 1985) (unlicensed contractor may not "bring a suit to recover for construction work that [it] had performed"); *Matison v. Barassi*, 118 Ariz. 538, 539-40, 578 P.2d 619, 620-21 (App. 1978) (same); *Herman Chanen Constr. Co. v. Nw. Tile & Terrazo Co. of Mont.*, 6 Ariz. App. 490, 492, 433 P.2d 807, 809 (1967) (in enacting § 32-1153, "the Legislature has denied a party entering into a contract the right to sue on that contract if he does not hold the proper license to perform the contracted task"). Thus, had Weatherguard brought a civil action against Twin Peaks to enforce their contract, the Registrar would not be involved. However, Weatherguard did not sue Twin Peaks, but rather filed an administrative complaint against it, alleging Twin Peaks had violated § 32-1154(A)(11).

¶8        Section 32-1154 lists grounds for suspending or revoking a contractor's license and reads, in relevant part:

> A. The holder of a license . . . shall not commit any of the following acts or omissions:
>
> . . . .
>
> 11. Fail[] . . . to pay monies in excess of seven hundred fifty dollars when due for materials or services rendered in connection with the licensee's operations as a contractor when the licensee has the capacity to pay or, if the licensee lacks the capacity to pay, when the licensee has received sufficient monies as payment for the particular construction work project or operation for which the services or materials were rendered or purchased.

¶9 Section 32-1154 prohibits specified conduct by the holder of a contractor's license, which is granted by the Registrar. Under the statute, the Registrar is authorized to "investigate the acts of any contractor within this state" and to impose civil penalties, including suspension or revocation of a contractor's license, if the contractor has violated the statute. § 32-1154(B). Before determining whether to revoke or suspend a license, the Registrar is required to investigate a complaint, hold a hearing, and issue a final determination about the licensee's status, subject to judicial review. § 32-1154(A)(23), (B) and (F). The complainant is not a party to the action. Finally, Arizona's Administrative Review Act, A.R.S. §§ 12-901 through 12-914, "grants the superior court jurisdiction to review a 'final administrative decision' when an aggrieved party files a complaint seeking such review." *Bolser*, 213 Ariz. 110, ¶ 13, 139 P.3d at 1288, *quoting* § 12-904(A). It is apparent that § 32-1153 plays no role in this type of proceeding, either before the administrative agency or the reviewing court.

¶10 Weatherguard "present[ed its] administrative claim under A.R.S. § 32-1154 and then [Twin Peaks sought] judicial review as contemplated by that statute." *Shelby v.*

6

*Ariz. Registrar of Contractors*, 172 Ariz. 95, 101, 834 P.2d 818, 824 (1992); *see also Bolser*, 213 Ariz. 110, ¶ 18, 139 P.3d at 1290. In *Shelby*, our supreme court noted the difference between administrative proceedings and court actions in the context of a claim for attorney fees by a claimant whose appeal arose "from a direct action brought by [the claimant] against the contractor in superior court." 172 Ariz. at 101, 834 P.2d at 824. Because A.R.S. § 32-1132, which provides for attorney fee awards in proceedings before the Registrar, did not apply to the claimant's action, the supreme court determined no fees were awardable. 172 Ariz. at 101, 834 P.2d at 824.

**¶11**        "Administrative agencies exist to make such determinations in their specialized field as the legislature has deemed proper." *Hunter Contracting Co. v. Sanner Contracting Co.*, 16 Ariz. App. 239, 243-44, 492 P.2d 735, 739-40 (1972). As the ALJ noted in his factual findings in this case, "[i]t is for the Registrar of Contractors . . . to cite and find guilty [a] contractor for violating A.R.S. 32-1154.A." *See* 1974 Op. Ariz. Att'y Gen. 74-28 ("[T]he Registrar of Contractors' . . . hearings are conducted with the objective of determining whether or not a contractor's license should be suspended or revoked, and the Superior Court is without original jurisdiction to revoke or suspend a contractor's license.").[3]

---

[3]Advisory opinions by the attorney general are not binding, but may be persuasive. *Ruiz v. Hull*, 191 Ariz. 441, ¶ 28, 957 P.2d 984, 992 (1998).

¶12     Twin Peaks's repeated assertion that it had an "absolute defense" under § 32-1153 is without merit.[4] Although Twin Peaks attempted to inject issues about the adequacy of Weatherguard's license to justify Twin Peaks's noncompliance with § 32-1154(A)(11)[5] in the administrative proceeding between the Registrar and Twin Peaks over its violation of the statute, Weatherguard's licenses were irrelevant. Notwithstanding that Weatherguard filed the complaint with the Registrar to initiate the investigation and subsequent hearing, Weatherguard was not a party to the administrative proceeding and was not involved beyond its employees testifying at the Registrar's hearing.

¶13     Because Weatherguard did not bring any action against Twin Peaks in a state court, § 32-1153 provided no defense in the administrative proceedings against Twin Peaks, and the trial court did not err in affirming the Registrar's decision. In view of this conclusion, we need not resolve Twin Peaks's doubtful contention that the legislative intent embodied in § 32-1153 to protect the public from unlicensed contractors extends to dealings between contractors and subcontractors and requires a different result. *See Aesthetic Prop. Maint. Inc. v. Capitol Indem. Corp.*, 183 Ariz. 74, 77, 900 P.2d 1210, 1213 (1995) (acknowledging § 32-1153 designed to protect public and rejecting contractor's claim that

---

[4]Even in the context of a civil action, the fact that a plaintiff may not have been validly licensed does not provide the defendant an absolute defense. *Aesthetic Prop. Maint. Inc. v. Capitol Indem. Corp.*, 183 Ariz. 74, 78, 900 P.2d 1210, 1214 (1995).

[5]We note that the record shows Weatherguard completed its portion of the park project in January 2004, but Twin Peaks made no claims about the sufficiency of Weatherguard's licenses until well after Weatherguard had sought payment and filed its administrative complaint against Twin Peaks months later.

statute should be strictly construed against subcontractor whose license had lapsed).  We also need not address Weatherguard's alternative arguments that it was appropriately licensed, or at least, in substantial compliance with the licensing requirements, for the Bisbee project, *see City of Phoenix v. Superior Court*, 184 Ariz. 435, 438, 909 P.2d 502, 505 (App. 1995), and that the public policy underlying § 32-1153 would not be promoted by permitting Twin Peaks to obtain a windfall at Weatherguard's expense.

**Disposition**

¶14        We see no error in the superior court's interpretation of § 32-1153 and its ruling is therefore affirmed.  Weatherguard has requested attorney fees on appeal, but failed to cite any basis for an award of fees.  Therefore, in our discretion, we decline to award them. *See In re Wilcox Revocable Trust*, 192 Ariz. 337, ¶ 21, 965 P.2d 71, 75 (App. 1998).


_____
PHILIP G. ESPINOSA, Judge

CONCURRING:


_____
PETER J. ECKERSTROM, Presiding Judge


_____
J. WILLIAM BRAMMER, JR., Judge


9