NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

NICK HARDY CONSTRUCTION, INC.,
*Plaintiff/Counter-Defendant/Appellee*,

*v.*

NORMA J. NYBERG,
*Defendant/Counter-Claimant/Appellant.*

No. 1 CA-CV 14-0671
FILED 1-14-2016

Appeal from the Superior Court in Mohave County
No. L8015CV20077171
The Honorable Randolph A. Bartlett, Retired Judge

**VACATED AND REMANDED**

COUNSEL

Law Offices of Phillip G. Krueger, Lake Havasu City
By Phillip G. Krueger

Jones, Skelton & Hochuli, PLC, Phoenix
By Eileen Dennis GilBride
*Co-Counsel for Plaintiff/ Counter-Defendant/Appellee*

Wachtel, Biehn & Malm, Lake Havasu City
By Jay B. Bidwell
*Counsel for Defendant/ Counter-Claimant/Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E Y**, Judge:

**¶1**      Norma J. Nyberg appeals the partial summary judgment granted to Nick Hardy Construction, Inc. ("Hardy") on her counterclaims. For the following reasons, we vacate the judgment against Nyberg, direct entry of partial summary judgment in favor of Nyberg on the counterclaim for breach of contract, and remand for further proceedings relating to Nyberg's damages.

## FACTUAL AND PROCEDURAL BACKGROUND

**¶2**      Nyberg hired Hardy to construct a house.  Under the contract, Hardy was required to complete all work "in a workman-like manner and in compliance with all current building code[]s and other applicable laws." During construction, Nyberg saw cracks and heaving in the concrete slab, and demanded Hardy stop construction.

<u>Registrar of Contractor Proceedings</u>

**¶3**      Nyberg filed a complaint against Hardy with the Registrar of Contractors ("ROC") listing ten complaints—some of which related to the concrete slab.  The matter went to a hearing before an administrative law judge ("ALJ") and Nyberg testified that the non-concrete slab items in her ROC complaint were within standard and no longer issues.  The ALJ subsequently found that the concrete slab "fails to comply with applicable industry and workmanship standards and requires appropriate correction" and concluded that Hardy failed to perform work in a professional and workman-like manner in violation of Arizona Revised Statutes ("A.R.S.") section 32-1154(A)(3).[1]   The ALJ recommended Hardy's contractor license be suspended until the concrete slab problems were corrected.

**¶4**      The ROC adopted the ALJ's recommended order.  Hardy did not appeal the ROC order, made the repairs, and filed a notice of compliance with the ROC.  There was, at Nyberg's request, a compliance

---

[1] We cite the current version of applicable statutes unless otherwise stated.

hearing, and the ALJ found that Hardy's "corrective actions" had been "completed to within applicable workmanship and industry standards." Because the ALJ concluded that Hardy had complied with the terms and conditions of the ROC's order, it was recommended the matter be closed. The ROC adopted the ALJ's recommended compliance hearing order. Nyberg appealed the ROC order to the superior court, which affirmed the ROC's decision. *Nyberg v. Nick Hardy Construction, Inc. et al*, CV 2009-4175, Court Order, dated Oct. 26, 2010.

**Superior Court Proceedings in this Case**

¶5 During the ROC proceedings, Hardy sued Nyberg for breach of contract and unjust enrichment for amounts due under the contract. Nyberg filed a counterclaim alleging breach of contract, negligence, and false reporting of a lien. She reiterated Hardy's negligence in pouring the foundation and concrete slabs and sought incidental and consequential damages.

¶6 The parties filed competing motions for summary judgment on Nyberg's counterclaims. Hardy argued that the doctrines of collateral estoppel and res judicata barred Nyberg's counterclaims because she had litigated the workmanship of the concrete slab in the ROC proceeding. Hardy also argued that Nyberg testified before the ALJ that the other items were within standard and were no longer issues.

¶7 Nyberg argued she was entitled to summary judgment because "Hardy's breach of contract was clearly established in prior litigation." She also argued that her ROC testimony that she "had no workmanship issue" with the non-concrete slab related items did not preclude her from raising those issues because they related to her consequential damages. At oral argument on the competing motions, Hardy added that Nyberg did not request a civil penalty during the ROC proceedings.

¶8 The superior court denied Nyberg's motion and granted Hardy summary judgment. The court found that the legal doctrines of res judicata and collateral estoppel applied and precluded Nyberg's counterclaims based on the ruling affirming the ROC's decision, Nyberg's testimony at the ROC hearing that the only remaining construction issues were related to the concrete slab, and her failure to disclose or assert a claim for money damages or seek restitution during the ROC proceeding.

**¶9**        The superior court then entered judgment in Hardy's favor on Nyberg's counterclaims, which Nyberg timely appealed.[2]  We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶10**        Nyberg argues the trial court erred in applying the equitable doctrines of res judicata and collateral estoppel to preclude her counterclaim for breach of contract and associated damages.[3]  She asks us to vacate the order granting summary judgment to Hardy and to enter summary judgment as to her claim that Hardy is liable on her breach of contract claim.

**¶11**        We review the grant of summary judgment de novo and view all facts and reasonable inferences drawn therefrom in the light most favorable to Nyberg, against whom the judgment was granted.  *Lowe v. Pima Cty.*, 217 Ariz. 642, 646, ¶ 14, 177 P.3d 1214, 1218 (App. 2008) (citations omitted).  Although we generally do not review the denial of a motion for summary judgment, we may do so if the denial is based on a point of law.  *Hourani v. Benson Hosp.*, 211 Ariz. 427, 430, ¶ 4, 122 P.3d 6, 9 (App. 2005) (citations omitted).  Further, we may direct entry of summary judgment in

---

[2] We dismissed Nyberg's first appeal because the judgment lacked Rule 54(b) language and Hardy's claims were pending.  After the superior court granted Hardy judgment on its claims, Nyberg filed a second notice of appeal.  Because that judgment did not contain language indicating that "no further matters remain[ed] pending," we suspended the appeal and remanded the matter for an order complying with Rule 54(c).  After the order was entered, we reinstated the appeal.  And Nyberg's second notice of appeal was timely.  ARCAP 9(c).

[3] Although Nyberg's notice of appeal includes the judgment on Hardy's claims, her opening brief only contests the judgment in Hardy's favor on her breach of contract counterclaim.  She has, as a result, waived any argument challenging the judgment on Hardy's claims and the judgment on her negligence and false reporting of a lien counterclaims.  *See* ARCAP 13(a)(6)–(7) (opening brief shall include "'statement of the issues' presented for review" and "contentions concerning each issue presented for review"); *MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33, 250 P.3d 1213, 1220 (App. 2011) (noting that the failure to argue a claim in the opening brief constitutes abandonment and waiver).  Accordingly, we affirm the judgment on Hardy's claims.

Nyberg's favor if she is entitled to judgment as a matter of law and there are no genuine issues of material fact. Ariz. R. Civ. P. 56(a); *Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, 316, ¶ 7, 965 P.2d 47, 50 (App. 1998); *Anderson v. Country Life Ins. Co.*, 180 Ariz. 625, 628, 886 P.2d 1381, 1384 (App. 1994).

**I**

**¶12**　　　　We need not examine the judgment because Hardy concedes that res judicata and collateral estoppel should not have been applied to Nyberg's breach of contract counterclaim. Nyberg complained to the ROC and, after a hearing, the ALJ found that the cracks in the interior concrete slab were not completed in a workman-like manner. Although the ALJ's findings that were not appealed have preclusive effect, *see J.W. Hancock Enters., Inc. v. Ariz. State Registrar of Contractors*, 142 Ariz. 400, 409-10, 690 P.2d 119, 128–29 (App. 1984) (noting that Arizona courts give preclusive effect to decisions made by administrative agencies in adjudicative capacities), Hardy also concedes that the ROC could not award compensatory damages to Nyberg. Citing to *Bentivegna v. Powers Steel & Wire Prods., Inc.*, 206 Ariz. 581, 81 P.3d 1040 (App. 2003), Hardy acknowledges that:

> [a]lthough the ROC may order restitution as a condition of license reinstatement, it cannot issue an enforceable order or judgment for money damages against a contractor. If a contractor subject to an ROC restitution order were to choose not to have his license reinstated, the restitution order would be ineffective. *To fully protect a plaintiff's rights, he must be allowed to seek money damages in the courts in addition to any remedies available through the ROC complaint procedure.*

*Id.* at 585, ¶ 15, 81 P.3d at 1044 (internal citations omitted) (emphasis added). As a result, the ROC proceeding did not resolve Nyberg's alleged damages claim. Consequently, because the equitable doctrines do not apply to Nyberg's breach of contract counterclaim, we vacate the summary judgment.

**¶13**　　　　Hardy's concession also suggests that a remand is appropriate to allow the superior court to specifically determine if Hardy is liable to Nyberg on her breach of contract counterclaim as a matter of law because the ROC resolved the concrete slab issue against Hardy. *See J.W. Hancock*, 142 Ariz. at 409–10, 690 P.2d at 128–29. And Hardy recognizes that on remand Nyberg can attempt to prove any damages she may have suffered stemming from the workman defects related to the concrete slab.

## II

**¶14** Nyberg also contends that the superior court erred by precluding any evidence of her non-concrete slab related issues. She suggests she did not pursue those issues before the ROC and can now do so, especially as an element of damages encompassed within her breach of contract counterclaim. Hardy, however, argues the court correctly barred her from using those items and she should be judicially estopped from relying on them because she testified at the ROC hearing that they were not at issue. *See KCI Rest. Mgmt. LLC v. Holm Wright Hyde & Hays PLC*, 236 Ariz. 485, 488, ¶ 11, 341 P.3d 1156, 1159 (App. 2014).

**¶15** The ROC proceeding was one between Hardy and the ROC to determine whether Hardy violated its statutory obligations. *See J.W. Hancock*, 142 Ariz. at 408, 690 P.2d at 127. And Nyberg, the complaining witness, was not a party to the action. *Twin Peaks Constr. Inc. of Nev. v. Weatherguard Metal Constr., Inc.*, 214 Ariz. 476, 478, ¶ 9, 154 P.3d 378, 380 (App. 2007). As a result, Nyberg is not precluded from presenting evidence of the non-slab issues as part of her claim for damages. Likewise, Hardy is free to present her testimony at the ROC hearing. Consequently, on remand, the superior court may consider the non-concrete slab related issues listed in her ROC complaint in resolving Nyberg's damages claims.

**¶16** Nyberg also requests attorney's fees and costs on appeal. Because we are remanding this matter, we will allow the superior court to consider any request for fees on appeal as it resolves the damages claim. We, however, award Nyberg her costs on appeal upon compliance with ARCAP 21.

## CONCLUSION

**¶17** For the foregoing reasons, we vacate the summary judgment for Hardy on Nyberg's breach of contract counterclaim filed on March 29, 2012, including the claim for attorney's fees and costs. We also remand the case for further proceedings consistent with this decision.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama