NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

LEANNA S., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, BOARD OF BEHAVIORAL
HEALTH EXAMINERS, MARINA GRECO, BRENDA BURSCH, *Appellees*.

No. 1 CA-JV 16-0459
FILED 5-30-2017

Appeal from the Superior Court in Maricopa County
No. JS9877
No. JD17200
No. LC2016-000237-001
The Honorable Colleen McNally, Judge

**AFFIRMED**

COUNSEL

Leanna S., Chandler
*Appellant*

Arizona Attorney General's Office, Tucson
By Dawn Rachelle Williams
*Counsel for Appellee Department of Child Safety*

Arizona Attorney General's Office, Phoenix
By Marc H. Harris
*Counsel for Appellee Arizona Board of Behavioral Health Examiners*

David G. Derickson, P.C., Phoenix
By David G. Derickson
*Counsel for Appellee Marina Greco*

Cohen Law Firm, Phoenix
Larry J. Cohen
*Counsel for Appellee Brenda Bursch*

---

## MEMORANDUM DECISION

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jay M. Polk[1] joined.

---

**N O R R I S**, Judge:

¶1        This appeal arises out of a complaint Appellant Leanna S. filed with the Arizona Board of Psychologist Examiners ("Board of Psychologist Examiners") against Appellee psychologist Brenda Bursch, Ph.D., and a complaint Leanna filed with Appellee Arizona Board of Behavioral Health Examiners ("Board of Behavioral Health") against Appellee therapist Marina Greco. The complaints related to Dr. Bursch's and Greco's involvement in 2011 proceedings to terminate Leanna's parental rights to her daughters J.S. and C.R. The dispositive issues in this appeal are, first, whether four years later, Leanna's request for a juvenile court finding that Dr. Bursch had committed perjury during the termination proceedings was timely; and second, whether as a matter of law the juvenile court correctly concluded it did not have jurisdiction to review the Board of Behavioral Health's decision to dismiss Leanna's complaint against Greco. We agree with the juvenile court that Leanna's request for a finding of perjury was untimely and it did not have

---

[1]The Honorable Jay M. Polk, Judge of the Arizona Superior Court, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

jurisdiction to review the Board of Behavioral Health's dismissal of her complaint against Greco. We therefore affirm the orders entered by the juvenile court.

## FACTS AND PROCEDURAL BACKGROUND

¶2　　　　In 2010 the predecessor agency to Appellee Department of Child Safety ("DCS"), the Arizona Department of Economic Security ("ADES"), petitioned to terminate Leanna's parental rights to J.S. and C.R., alleging abuse or neglect or failure to protect from abuse or neglect, inability to discharge her parental responsibilities due to mental illness, and as to C.R., out-of-home placement for 15 months or longer. The juvenile court held a contested hearing (the "2011 hearing"), and in January 2012 issued an order terminating Leanna's parental rights to J.S. on the ground of abuse or neglect or failure to protect from abuse or neglect. The court did not, however, terminate Leanna's parental rights to C.R., finding that, because C.R. was on the verge of turning 18, termination was not in her best interests.

¶3　　　　Three years later, in March 2015, Leanna filed a complaint with the Board of Psychologist Examiners against Dr. Bursch, an independent expert who had testified during the 2011 hearing on behalf of ADES. The complaint was directed at Dr. Bursch's testimony during the 2011 hearing regarding Leanna's suspected Munchausen by proxy causing C.R.'s previous comas (the "Munchausen by proxy diagnosis"). Leanna's complaint against Dr. Bursch alleged: first, Dr. Bursch had engaged in the "unauthorized practice of medicine" by making the Munchausen by proxy diagnosis because she was not licensed in Arizona (the "practice of medicine allegation"), and second, Dr. Bursch had engaged in "unprofessional conduct" by falsely testifying at the 2011 hearing that she had instructed Greco, who was C.R.'s therapist, to wait until after the termination proceedings had concluded to begin treatment when she had actually instructed Greco to implement treatment before the conclusion of the termination proceedings (the "perjury allegation").

¶4　　　　In June 2015, the Board of Psychologist Examiners sent Leanna a letter stating it could not consider her complaint against Dr. Bursch because she had not complied with the version of Arizona Revised Statutes ("A.R.S.") section 32-2081(B) (2012) then in effect. That statute provided:

> The board shall not consider a complaint
> against a psychologist arising out of a judicially

ordered evaluation, treatment or psychoeducation of a person charged with violating any provision of title 13, chapter 14 to present a charge of unprofessional conduct unless the court ordering the evaluation has found a substantial basis to refer the complaint for consideration by the board. The board shall not consider a complaint against a judicially appointed psychologist arising out of a court ordered evaluation, treatment or psychoeducation of a person to present a charge of unprofessional conduct unless the court ordering the evaluation, treatment or psychoeducation has found a substantial basis to refer the complaint for consideration by the board.

¶5        A year later, in May 2016, Leanna filed a "Motion for Finding of Perjury and For Referral of Dr. Brenda Bursch to the State of Arizona Board of Psychologist Examiners For Investigation And Appropriate Disciplinary Action" (the "perjury motion") in the closed juvenile court termination proceedings. The perjury motion listed both the practice of medicine allegation and the perjury allegation. *See supra* ¶ 3. In the perjury motion, however, Leanna only asked the juvenile court to "verify" the perjury allegation and authorize the Board of Psychologist Examiners to "accept and process the . . . complaints."

¶6        Before filing the perjury motion in the juvenile court, Leanna had filed a complaint against Greco with the Board of Behavioral Health. In that complaint, Leanna alleged Greco had refused to provide her with information as to whether Dr. Bursch had committed perjury when, at the 2011 hearing, Dr. Bursch testified she had directed Greco to wait to implement the treatment plan for C.R. After conducting an investigation, the Board of Behavioral Health dismissed Leanna's complaint in June 2016. Leanna then sought judicial review in the superior court of the Board of Behavioral Health's dismissal of her complaint (the "administrative appeal"). Leanna subsequently moved to transfer and consolidate the administrative appeal with the closed juvenile court termination proceedings. The superior court granted her motion.

¶7        DCS moved to strike the perjury motion, arguing in part that the juvenile court had dismissed the termination proceedings years earlier, and, therefore, the juvenile court did not have jurisdiction to enter any

additional orders. The Board of Behavioral Health and Greco also moved to dismiss the administrative appeal, arguing the juvenile court did not have subject matter jurisdiction to review the Board of Behavioral Health's dismissal because Leanna was not a "party" to the administrative proceeding.

¶8 The juvenile court granted DCS's motion to strike. As relevant here, the juvenile court struck the perjury motion, concluding: "the Board cannot confer authority or jurisdiction upon this Court and the parties to the dependency action to open new litigation on a matter in which the Court no longer retains jurisdiction." The juvenile court, however, also addressed the merits of the perjury motion, ruling: first, A.R.S. § 32-2081(B) did not authorize it to reopen the termination proceedings to determine if there was a substantial basis to refer Dr. Bursch to the Board; second, the perjury motion failed to sufficiently detail and support the perjury allegation; and, third, the time to request a finding of perjury relating to the 2011 hearing had "long past." The juvenile court also granted the Board of Behavioral Health's motion to dismiss, ruling it lacked subject matter jurisdiction because Leanna was not a party in the proceeding before the Board of Behavioral Health and did not have a statutory right of appeal.

## DISCUSSION

I.     The Perjury Motion

¶9 Leanna argues the juvenile court should not have granted DCS's motion to strike because the juvenile court had "jurisdiction to investigate and take disciplinary action against an expert to [e]nsure the integrity of the judicial process" and to address Dr. Bursch's conduct in the 2011 hearing. In response, DCS and Dr. Bursch argue the juvenile court's jurisdiction to enter any orders pertaining to the dependency concerning C.R. terminated when C.R. turned 18 years old, *see* A.R.S. § 8-202(G) (Supp. 2016) (juvenile court's jurisdiction of child), and, accordingly, the juvenile court's jurisdiction had terminated four years before Leanna filed the perjury motion. Exercising de novo review, we disagree with DCS and Dr. Bursch and agree with Leanna that the juvenile court had jurisdiction to review the merits of the perjury motion. *David S. v. Audilio S.*, 201 Ariz. 134, 136, ¶ 4, 32 P.3d 417, 419 (App. 2001) (appellate court reviews jurisdiction of juvenile court de novo) (citation omitted).

¶10 The perjury motion accused Dr. Bursch of committing a fraud on the court, a form of "extrinsic fraud," which was a matter the juvenile court had jurisdiction to review. *See McNeil v. Hoskyns*, 236 Ariz. 173, 176–

77, ¶¶ 14-16, 337 P.3d 46, 49–50 (App. 2014) (superior court had jurisdiction to modify an agreed-upon non-modifiable spousal maintenance provision in a decree of dissolution when wife committed extrinsic fraud by failing to make certain material disclosures to the court and her former husband) (citations omitted).

¶11 As this court explained in *McNeil*, "[t]he court has the power to set aside a judgment when a party obtains a judgment by concealing material facts and suppressing the truth with the intent to mislead the court." *Id*. at 177, ¶ 14, 337 P.3d at 50 (quotation and citations omitted). This is precisely the allegation that Leanna raised in her perjury motion, *see supra* ¶ 5, in arguing Dr. Bursch had engaged in "misconduct" by committing perjury during the 2011 hearing. Accordingly, the juvenile court should not have granted DCS's motion to strike for lack of jurisdiction.

¶12 Nevertheless, for other reasons, the juvenile court correctly struck the perjury motion. First, as the juvenile court found, and as Leanna acknowledged during oral argument on the perjury motion, Dr. Bursch was not court appointed. Thus, A.R.S. § 32-2081(B) was inapplicable and the juvenile court did not need to find a substantial basis to refer Leanna's complaint to the Board of Psychologist Examiners.

¶13 Second, as the juvenile court also recognized, the perjury motion was untimely. If Leanna wanted to obtain a ruling from the juvenile court that Dr. Bursch had perjured herself during the 2011 hearing, the time to do so was before the termination proceedings had concluded. Yet, even though she conceded at oral argument on the perjury motion she was aware of all the underlying "misconduct stuff" during the 2011 hearing, she waited four years before pursuing the perjury allegation in the juvenile court. Here, given the substance of Leanna's perjury allegation, the time period imposed by Arizona Rule of Procedure for the Juvenile Court 46(E) for attacking a judgment for extrinsic fraud serves as an appropriate benchmark to measure whether Leanna's perjury motion was timely. Under that rule, a party must move to set aside a judgment for extrinsic fraud within three months of the judgment. Applying this standard here, the juvenile court properly found the time to request a finding of perjury relating to the 2011 hearing was "long past."[2]

---

[2]In her briefing on appeal Leanna does not provide any argument regarding the unauthorized practice of medicine allegation. Thus, she has waived this issue. *See Hahn v. Pima Cty*., 200 Ariz. 167, 172, ¶

II.     Dismissal of the Administrative Appeal

¶14        Leanna argues the juvenile court should not have dismissed the administrative appeal because, contrary to the ruling of the juvenile court, she was a party to the proceedings before the Board of Behavioral Health. Reviewing the juvenile court's dismissal of the administrative appeal de novo, we agree with the juvenile court that Leanna was not a "party" to the proceedings before the Board of Behavioral Health and, further, under the Administrative Review Act ("ARA"), the Board of Behavioral Health's dismissal of her complaint was not subject to judicial review. *See Bolser Enters., Inc. v. Ariz. Registrar of Contractors*, 213 Ariz. 110, 112, ¶ 12, 139 P.3d 1286, 1288 (App. 2006) (appellate court reviews de novo trial court's dismissal of an appeal of an administrative decision for lack of subject matter jurisdiction). Thus, the juvenile court lacked subject matter jurisdiction over the administrative appeal.

¶15        A superior court may only grant judicial review of an administrative decision if it is authorized to do so by law. *Ariz. Dep't of Econ. Sec. v. Holland*, 120 Ariz. 371, 373, 586 P.2d 216, 217 (App. 1978) (citation omitted). Because judicial review of an administrative decision is granted by statute, the "jurisdictional requirements prescribed by statute must be strictly complied with to achieve entrance to appellate review." *Id.* (citation omitted). Here, the right to judicial review of a decision by the Board of Behavioral Health is governed by A.R.S. § 32-3285 (2016). Under A.R.S. § 32-3285, absent exceptions not applicable here, "final decisions" of the Board of Behavioral Health are subject to judicial review pursuant the requirements of the ARA. *See* A.R.S. §§ 12-901 to -914 (2016). Thus, whether a final decision by the Board of Behavioral Health is appealable to the superior court is governed by the ARA.

¶16        Section 12-908(A) specifies that the "parties of record" may appear in the proceedings before the superior court in an action to review a final decision of an administrative agency. But, Leanna was not a party to the administrative proceedings before the Board of Behavioral Health. On point and controlling on this issue is *Twin Peaks Const. Inc. of Nevada v. Weatherguard Metal Const., Inc.*, 214 Ariz. 476, 154 P.3d 378 (App. 2007).

---

13, 24 P.3d 614, 619 (App. 2001) (failure to raise issue on appeal constitutes a waiver of the issue) (citation omitted). Additionally, even if she had not waived this issue, Leanna raised the unauthorized practice of medicine allegation in the termination proceedings when she moved in limine to preclude Dr. Bursch from testifying. The juvenile court denied that motion.

**¶17**      In *Twin Peaks*, a subcontractor filed a complaint against a contractor with the Arizona Registrar of Contractors after the contractor failed to pay the entire amount it owed to the subcontractor as required by statute. *Id*. at 477, ¶ 2, 154 P.3d at 379. The Registrar ordered the contractor to pay the remaining amount owed as required by the statute and rejected the contractor's argument that it had a "complete defense" to the subcontractor's complaint because the subcontractor was unlicensed. *Id*. at 477, ¶ 3, 154 P.3d at 379. The contractor then sought judicial review in the superior court, and the superior court affirmed the Registrar's decision. *Id*. at 477, ¶ 4, 154 P.3d at 379.

**¶18**      On review, we agreed that the subcontractor's licensing status was irrelevant to whether the contractor had violated the payment statute. *Id*. at 479, ¶ 12, 154 P.3d at 381. We explained that in the administrative proceeding before the Registrar, the complainant—the subcontractor—"was not a party to the administrative proceeding," notwithstanding that the subcontractor had filed the complaint against the contractor with the Registrar. *Id.*

**¶19**      Additionally, even if Leanna had been a party to the administrative proceedings, the Board of Behavioral Health's decision was not substantively appealable. Section 12-901(2) defines an appealable "decision" as follows:

> "Administrative decision" or "decision" means
> any decision, order or determination of an
> administrative agency that is rendered in a case
> that affects the legal rights, duties or privileges
> of persons and that terminates the proceeding
> before the administrative agency.

**¶20**      Here, the Board of Behavioral Health's dismissal of Leanna's complaint was not a final administrative "decision" as defined in A.R.S. § 12-901(2) because it did not affect Leanna's legal rights, duties, or privileges. *Murphy v. Bd. of Med. Health Exam'rs of State of Ariz.*, 190 Ariz. 441, 949 P.2d 530 (App. 1997), illustrates when there is—or is not—an administrative decision as defined by A.R.S. § 12-901(2).

**¶21**      In *Murphy*, this court addressed whether the superior court had authority under the ARA to review the Arizona Board of Medical Health Examiners' decision to issue a letter of concern to a doctor alleged to have engaged in unprofessional conduct and medical incompetence. *Id*. at 448-49, 949 P.2d at 537-38. The Board resolved the complaint by issuing

a nondisciplinary "advisory letter of concern" against the doctor. *Id*. at 445, 949 P.2d at 534. The doctor and his employer sought judicial review of the decision to issue the letter. *Id*. On appeal, this court concluded the superior court lacked statutory authority to review the Board's decision because the "advisory letter of concern" was not a "decision" under A.R.S. § 12-901(2). *Id*. at 448, 949 P.2d at 537. We explained the advisory letter of concern "[did] not materially affect [the doctor's] legal rights, duties, or privileges." *Id.* We also explained that although the letter "terminated" the complaint, it was not an "adjudicative decision"; rather, it was a "discretionary decision to end the investigation . . . ."  *Id*. at 448-49, 949 P.2d at 537-38 (citation omitted). We, therefore, concluded the advisory letter of concern was "not a final decision subject to judicial review before the agency or the superior court." *Id*. at 449, 949 P.2d at 538.

**¶22**       As in *Murphy*, the Board of Behavioral Health's dismissal of Leanna's complaint against Greco was not a reviewable decision under A.R.S. § 12-901(2). *Compare* A.R.S. § 32-3281(D)(1)-(3) (Supp. 2016) (if on completion of investigation the Board of Behavioral Health determines information not sufficiently serious to merit disciplinary action, Board shall dismiss complaint, file a letter of concern and dismiss complaint, or issue nondisciplinary order), *with Murphy,* 190 Ariz. at 448, 949 P.2d at 537 (discussing former A.R.S. § 32-1451(E); if, on completion of investigation, board determines information is not sufficiently serious to merit disciplinary action, board may dismiss complaint, file an advisory letter, or file a letter of reprimand[3]). Further, the dismissal of a complaint, a lesser form of action than issuance of a nondisciplinary advisory letter, is, as in *Murphy*, a discretionary decision that ends an investigation. *See e.g.* A.R.S. § 32-3281(E) (complaint dismissed pursuant to A.R.S. § 32-3281(D)(1) not disclosed in licensee's complaint history).

**¶23**       Leanna nevertheless argues the Board of Behavioral Health's dismissal of her complaint affected her because she was "impacted by the complete destruction of [her] family forever." Section 12-901(2), however, refers to a person's legal rights, duties, or privileges, and the Board of Behavioral Health's dismissal did not affect Leanna's legal rights, duties, or privileges. Accordingly, the Board of Behavioral Health's dismissal of her complaint against Greco did not constitute an appealable administrative

---

[3]A.R.S. § 32-1451(E) has since been amended, in a manner not material to this appeal. As amended, the Board of Behavioral Health may: dismiss a complaint, require completion of designated continuing medical education courses, or file an advisory letter.

decision. *See generally Ariz. Physicians IPA, Inc. v. W. Ariz. Reg'l Med. Ctr.*, 228 Ariz. 112, 114, ¶ 10, 263 P.3d 661, 663 (App. 2011) (scope of appeal of the ARA limited to "review of a *final decision* of an administrative agency") (quotations and citation omitted).

## CONCLUSION

**¶24** For the foregoing reasons, we affirm the juvenile court's order striking Leanna's motion for a finding of perjury and its dismissal of her complaint requesting judicial review of Board of Behavioral Health's decision to dismiss her complaint against Greco. Although we have affirmed the orders entered by the juvenile court, Leanna's appeal was not completely frivolous. Thus, we deny Dr. Bursch's request for attorneys' fees under A.R.S. § 12-349 (2016). We grant, however, Dr. Bursch and Greco costs on appeal, *see* A.R.S. § 12-341 (2016), contingent upon their compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA