NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ROBERT A. GONZALES, *Plaintiff/Appellant*,

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0092

FILED 02-04-2020

Appeal from the Superior Court in Maricopa County
No. LC2018-000402-001
The Honorable Patricia A. Starr, Judge

**AFFIRMED**

COUNSEL

Richard M. Martinez, Esq., Tucson
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By JoAnn Falgout
*Counsel for Defendants/Appellees State of Arizona; Arizona Department of
Economic Security, Adult Protective Services Division*

## MEMORANDUM DECISION

Presiding Judge Paul J. McMurdie delivered the decision of the Court, in which Judge Jennifer B. Campbell and Vice Chief Judge Kent E. Cattani joined.

**M c M U R D I E**, Judge:

**¶1**　　　Robert A. Gonzales appeals the superior court's dismissal of his appeal from an administrative decision substantiating a finding that he exploited a vulnerable adult. We affirm.

### FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　Between 2017 and 2018, Gonzales took care of his 91-year-old mother, Jessie Collins, who suffered from significant cognitive impairment and dementia. Gonzales managed Collins' finances and provided housing and transportation for her. However, the Arizona Department of Economic Security ("DES"), Adult Protective Services division ("APS") suspected Gonzales of exploiting Collins, a vulnerable adult, by improperly using her resources to his advantage. Gonzales allegedly made $350 in transactions from Collins' checking account without her consent and "for purposes which did not benefit [her]."

**¶3**　　　After an investigation, DES concluded Gonzales exploited Collins in violation of Arizona Revised Statutes ("A.R.S.") section 46-451(A)(4) (2018). Gonzales requested a hearing before the Office of Administrative Hearings ("OAH") to decide whether the proposed findings should be listed in the APS Registry.[1] In June 2018, the OAH held a hearing in which Gonzales appeared *pro se*. The Administrative Law Judge ("ALJ") concluded that Gonzales exploited a vulnerable adult and that the proposed findings should be "maintained in the APS Registry as substantiated." On July 24, 2018, the DES Director reviewed the order and issued a final administrative decision accepting the ALJ's recommendations without modification. That same day, DES mailed a copy of the decision to

---

[1]　　　The APS Registry is a database "of substantiated reports of abuse, neglect and exploitation of vulnerable adults made pursuant to § 46-458." A.R.S. § 46-459(A).

Gonzales' last known address—the same one used throughout the hearing process.

¶4 On October 5, 2018, Gonzales appealed the administrative decision to the superior court. Conceding that his appeal was untimely, Gonzales argued that because he left the country for work on July 20, 2018, the time restrictions associated with administrative appeals should be equitably tolled and commence on the date of his return to Tucson. The State filed a motion to dismiss the appeal stating that the court lacked subject-matter jurisdiction because the appeal was untimely. The superior court agreed with the State that Gonzales' untimely appeal deprived it of jurisdiction and dismissed the appeal with prejudice. Gonzales appealed the superior court's dismissal, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1) and -913. *See Svendsen v. Ariz. Dep't of Transp., Motor Vehicle Div.*, 234 Ariz. 528, 533, ¶ 13 (App. 2014) (A.R.S. § 12-913 has been "construed as also allowing an appeal to the court of appeals").

## DISCUSSION

¶5 Gonzales argues that the superior court should not have dismissed his case with prejudice because: (1) the deadline should have been equitably tolled; and (2) the court's decision violated his due-process rights. We review a court's dismissal for lack of subject-matter jurisdiction *de novo. M-11 Ltd. P'Ship v. Gommard*, 235 Ariz. 166, 168, ¶ 6 (App. 2014). Interpretation of statutes and court rules are also subject to *de novo* review. *Id.*

## A. The Superior Court Lacked the Authority to Equitably Toll Gonzales' Deadline to File a Notice of Appeal.

¶6 "An action to review a final administrative decision shall be commenced by filing a notice of appeal within thirty-five days from the date when a copy of the decision sought to be reviewed is served upon the party affected." A.R.S. § 12-904(A). "Service is complete on personal service or five days after the date that the final administrative decision is mailed to the party's last known address." *Id.* "Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of the decision." A.R.S. § 12-902(B); *see also Johnson v. Ariz. Registrar of Contractors*, 242 Ariz. 409, 412, ¶ 7 (App. 2017) ("An untimely filing deprives the [superior] court of subject matter jurisdiction, and the appealing party forfeits the right to seek judicial review."). A court reviewing an administrative decision "may not extend

the time for the filing of a notice of appeal." Ariz. R.P. Jud. Rev. Admin. Dec. 2(b).

¶7            Gonzales concedes his appeal was untimely and that the "deadline to file the notice of appeal normally would have been Tuesday, September 4, 2018." However, he argues his absence from the country should excuse his untimely filing because the notice of appeal would have been timely if the "time to appeal . . . commence[d] on the date of his return to Tucson, Arizona."

¶8            However, A.R.S. § 12-904's time requirement is a "jurisdictional prerequisite" and "must be strictly complied with to achieve entrance to appellate review." *ADES v. Holland*, 120 Ariz. 371, 373 (App. 1978). Equitable tolling is a concept applicable exclusively to extending the statute of limitations, a procedural requirement. *Nolde v. Frankie*, 192 Ariz. 276, 279, ¶ 13 (1998) (equitable tolling is a recognized exception to the application of a statute of limitations "when necessary to prevent injustice"); *Hosogai v. Kadota*, 145 Ariz. 227, 231 (1985) ("The equitable tolling doctrine is rooted in a number of common law exceptions to statutes of limitations . . . . Equitable tolling is appropriate when it would effectuate: 1) the policies underlying the statute, and 2) the purposes underlying the statute of limitations."), *superseded by statute on other grounds as recognized in Jepson v. New*, 164 Ariz. 265, 270–71 (1990); *Kyles v. Contractors/Engineers Supply, Inc.*, 190 Ariz. 403, 405 (App. 1997) ("Equitable tolling applies when the plaintiff is excusably ignorant of the limitations period and the defendant would not be prejudiced by the late filing.").

¶9            The superior court could not apply equitable tolling to an untimely filing of a notice of appeal from an administrative decision. *Legacy Found. Action Fund v. Citizens Clean Elections Comm'n*, 243 Ariz. 404, 408, ¶ 17 (2018) (Statutes containing specific time limits regarding appeals from administrative decisions "are not statutes of limitations but rather confer limited appellate jurisdiction subject to timely action by the appealing party. Failure to appeal in a timely manner thus deprives the appellate court (here the superior court) of jurisdiction."); *Gommard*, 235 Ariz. at 168, ¶ 2 ("The timely filing of an appeal under A.R.S. § 12-904([A]) is a jurisdictional requirement, and a tardy filing results in a lack of subject matter jurisdiction and the appellant's loss of its right to seek judicial review.").

¶10           To support his contention, Gonzales nevertheless argues that the 35-day filing requirement is not jurisdictional, but rather procedural—meaning it can be equitably tolled. Gonzales relies on *State Tax*

*Comm'n v. Miami Copper Co.*, which states that "the time within which the notice of appeal must be filed . . . is procedural and subject to reasonable regulations by the courts." 74 Ariz. 234, 238 (1952). However, Gonzales' reliance on *Miami Copper Co.* is misplaced. The *Miami Copper Co.* decision concerned a statutory deadline for the filing of an appeal that conflicted with a rule promulgated by the Arizona Supreme Court. 74 Ariz. at 237–38. The appellant, in that case, had complied with the court rule. Here, there is no conflicting rule that Gonzales met in filing his appeal, and the time required to appeal an administrative decision has been determined to be jurisdictional. A.R.S. § 12-904(A); *Johnson*, 242 Ariz. at 412, ¶ 7 ("The deadline for filing an administrative appeal is jurisdictional.").

**¶11**        Gonzales also argues that his *pro se* status during the proceedings should be considered in determining whether the court should have equitably tolled his appeal. However, courts "hold unrepresented litigants in Arizona to the same standards as attorneys" and require they be aware of statutory deadlines. *Flynn v. Campbell*, 243 Ariz. 76, 83, ¶ 24 (2017). Thus, the court did not err by refusing to toll the time requirement equitably.

## B.        Gonzales' Due-Process Rights Were Not Violated.

**¶12**        Gonzales claims his procedural due-process rights were violated by: (1) DES's failure to inform him that he had a right to appeal and that the right was subject to a time restraint; and (2) the court's failure to allow Gonzales a chance to present evidence of his absence from the country. We disagree.

**¶13**        To satisfy procedural due process, a party must have had notice and an opportunity to be heard "at a meaningful time and in a meaningful manner." *Comeau v. Ariz. State Bd. of Dental Examiners*, 196 Ariz. 102, 106–07, ¶ 20 (App. 1999) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). "When [an] opportunity to be heard is granted to a complainant who chooses not to exercise it, that complainant cannot later plead a denial of procedural due process." *Watahomigie v. Ariz. Bd. of Water Quality Appeals*, 181 Ariz. 20, 27 (App. 1994).

**¶14**        Gonzales had notice of his right to appeal and received an opportunity to be heard. He had a hearing, received the final decision at his last known address, and was afforded a chance to appeal the decision as detailed by statute. A.R.S. § 12-904(A). Therefore, missing the deadline was not because his opportunity to be heard was inadequate, but because he neglected the notice of the deadline provided by statute. *Id.*; A.R.S.

§ 41-1092.08(A)–(B). Gonzales' failure to update his address was particularly significant, considering the advisement that a decision would be forthcoming. At the hearing, the ALJ specifically told Gonzales:

> Within 20 days of the conclusion of today's hearing, I will make my recommendations to [DES], who then has 30 days to accept, reject or modify that recommendation. In the event [DES] takes no action in those 30 days, my recommendation becomes the final administrative order. Any questions or concerns before we get started?

Gonzales stated he had no questions. He was aware that a decision would be coming soon and was responsible for knowing when to appeal. *See Flynn*, 243 Ariz. at 83, ¶ 24. Yet, he failed to inform DES that he would be leaving the country or give an updated mailing address. Thus, we find that Gonzales had an opportunity to be heard satisfying due process but chose not to exercise it. *Watahomigie*, 181 Ariz. at 27.

¶15 Gonzales next contends that his due-process rights were violated when the superior court dismissed the case with prejudice before allowing him to submit evidence of his absence from the country. However, the court dismissed Gonzales' appeal for lack of jurisdiction and not because he failed to prove his absence. The court mentioned that Gonzales failed to provide any evidence about his absence but asserted that "[e]ven if he had, he provides no authority for the proposition that the concept of equitable tolling applies in this context." As a result, the court ordered that "[b]ecause the notice of appeal was not timely filed, this Court has no jurisdiction and must dismiss the appeal." No error occurred.

## ATTORNEY'S FEES AND COSTS

¶16 Gonzales requests attorney's fees and costs under Arizona Rules of Civil Appellate Procedure 21(a). Because he has not prevailed on appeal, we decline to award Gonzales attorney's fees and costs.

## CONCLUSION

¶17 We affirm the superior court's decision.

