869 P.2d 182

Garth O. WILKINSON, and Ferol P. Wilkinson, husband and wife, Plaintiffs–Appellees,

v.

Susan Lee FABRY and Dennis Fabry, husband and wife, Defendants–Appellants.

No. 1 CA–CV 92–0094.

Court of Appeals of Arizona, Division 1, Department M.

June 23, 1992.

Porter, Stahnke & Jennings by Bernald C. Porter, Mesa, for plaintiffs-appellees.

Susan Fabry and Dennis Fabry, in pro per.

## OPINION

LANKFORD, Judge.

This opinion results from this court's *sua sponte* examination of its own jurisdiction over a civil appeal. The question we address is whether the filing of a notice of appeal in a court other than the superior court can constitute compliance with the requirement of a timely filed notice of appeal.

### I.

A routine inspection of the court's file in this matter revealed that the notice of appeal was not filed with the superior court within the 30 days from the entry of the judgment from which the appeal was taken. The notice of appeal was received by the clerk of this court within the 30–day period, but he returned it to appellants with a letter explaining that "these documents must be filed with the trial court" and citing Rule 8(a), Arizona Rules of Civil Appellate Procedure ("ARCAP"). Appellants then filed the notice of appeal with the superior court. However, by that time, the 30–day time limit had expired. The superior court forwarded the notice of appeal to this court.

In accordance with our practice, this court's staff attorney sent a letter to the parties regarding the potential jurisdictional defect of an untimely appeal. The letter invited the parties' responses. Counsel for appellees did not respond.

In their response, appellants submitted proof that they had mailed the notice of appeal within the 30–day time limit, but had sent it to this court. Rule 8(a), Arizona Rules of Civil Appellate Procedure ("AR-CAP"), specifies that the notice of appeal "shall be taken by filing a notice of appeal *with the clerk of the superior court* within the time allowed by Rule 9." (Emphasis added). Rule 9 of ARCAP requires that the notice of appeal "be filed *with the clerk of the superior court* not later than 30 days after the entry of the judgment from which the appeal is taken ..." (Emphasis added).

The matter was referred to Department M, the court's panel designated to consider jurisdictional defects and procedural motions. We issued an order inviting appellees to file a memorandum on the jurisdictional question. Appellees *responded to our invitation* by filing a motion to dismiss the appeal as untimely filed.

## II.

The timely filing of the notice of appeal is a prerequisite to appellate jurisdiction. *Edwards v. Young*, 107 Ariz. 283, 284, 486 P.2d 181, 182 (1971). The question presented is whether a notice of appeal filed within the applicable 30-day period, but inadvertently filed in the wrong court, is timely.

We have determined that the inadvertently misfiled notice of appeal is timely pursuant to Rule 4(a) of ARCAP. That rule provides as follows:

No papers received by the clerk within the time fixed for filing which if untimely filed would render the case, appeal or petition subject to dismissal by the appellate court for jurisdictional reasons, shall be refused by the clerk solely for the reason that they were not tendered for filing in the proper court or division. Rather, such papers shall be transmitted to the proper court or division and *shall be deemed timely filed.*

(Emphasis added).

Rule 4(a) speaks directly to the situation at hand. It requires the clerks of the appellate courts to accept certain documents even when the rules prescribe filing in another court. The rule is limited to papers which might deprive the appellate court of jurisdiction if untimely filed. This clearly includes notices of appeal and of cross-appeal. See Rule 9(a), ARCAP.[1]

The intent of Rule 4(a) is to prevent an inadvertent misfiling from causing forfeiture of a party's appeal. It does so without injury to the principle of finality served by the 30-day time limit for appeal: the notice of appeal must still "be received by the clerk within the time fixed for filing ..."

We emphasize, however, that Rule 4(a) is not intended as a rule of filing convenience for lawyers. It does not transform the offices of the clerks of the court of appeals and of the supreme court into branch offices of the clerks of superior court. The rule is plainly intended to remedy an inadvertent misfiling; it offers no safe harbor for those who intentionally file papers in the wrong court because it is a more accessible depository. Nor does the rule offer any explicit relief for those who misfile briefs, motion papers or other documents which would not invalidate the appeal if untimely filed. *See* Rule 8(a), ARCAP ("Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is a ground only for such action as the appellate court deems appropriate ...")

For the foregoing reasons, we have determined that this court has jurisdiction over this appeal.

KLEINSCHMIDT and EUBANK, JJ., concur.

---

1. We note that an analogous federal rule is limited to the notice of appeal. Rule 4(a), Federal Rules of Appellate Procedure ("FRAP"), provides: "If a notice of appeal is mistakenly filed in the court of appeals, the clerk of the court of appeals shall note thereon the date on which it was received and transmit it to the clerk of the

district court and it shall be demed filed on the date so noted."

Although our Arizona Rules of Civil Appellate Procedure were derived from FRAP, it appears that the language quoted above was not added to FRAP 4 until 1979, after ARCAP was adopted.