ON MOTION TO DISMISS

FLETCHER, Judge.
The Florida Unemployment Appeals Commission has filed a motion to dismiss Clercine Belvue’s appeal as being untimely filed. We deny the motion for the following reasons.
The Commission’s final order affirming the referee’s decision disqualifying Belvue from receipt of unemployment benefits was filed and mailed to Belvue on March 22, 2001. Pursuant to Rules *445 9.110(b) and (c), Florida Rules of Appellate Procedure, her original notice of appeal was to be filed with the Commission, and a copy of the notice filed with the clerk of this court, within thirty days from March 22. Although the thirty days terminated on Saturday, April 21, 2001, pursuant to Rule 9.420(e), Florida Rules of Appellate Procedure, the filing period was extended through Monday, April 23, 2001. Belvue filed her notice of appeal with this court on April 24, 2001, a date after the termination of the filing period. However, she filed her notice with the Commission on April 11, 2001, a date within the thirty day filing period.[1],[2]
The Commission, however, contends that Belvue filed the notice in the wrong place, as she filed it at the South Broward Employment Service Center, and not directly with the clerk of the Commission. The service center forwarded the notice to the clerk of the Commission, the notice arriving there on April 24, 2001 — -just in time to be one day late (according to the Commission).
We conclude that Belvue’s filing of the Commission’s copy of the notice on April 11, 2001 (or April 18, 2001) was timely and that it is immaterial that it was filed in the South Broward Service Employment Center rather than with the Commission’s clerk. First, the policy of our state is to make appellate review— even of administrative agencies — sensible, and not a minefield. The rules are written to simplify access to review. For example, they provide for the transfer of appeals to the correct court when notices are misfiled; [3] permit parties who have sought the wrong remedy to have the cause treated as if the right remedy had been sought;[4] call for the courts to disregard harmless procedural errors;[5] and so forth. It makes good sense that if an appeal can successfully be commenced by timely[6] filing a notice with a wrong court and subsequently transferring the appeal to the correct court, then Belvue’s timely filed notice forwarded from the service center to the Commission sufficed to vest jurisdiction in this court. We so find.
The Commission’s motion to dismiss is denied.

. Although failure to file any notice within the prescribed filing period constitutes an irremediable jurisdictional defect, the timely filing of one of the notices with either the court or the Commission vests the court with jurisdiction. See Hines v. Lykes Pasco Packing, 374 So.2d 1132, 1133 (Fla. 2d DCA 1979).

. The Commission contends that the notice was filed on April 18, 2001. This date is still within the thirty day filing period.

. Rule 9.040(b)(1), Fla. R.App. P.

. Rule 9.040(c), Fla. R.App. P.

. Rule 9.040(d), Fla. R.App. P.

. The date of filing the notice is the date it was filed in the wrong court. See Alfonso v. Department of Environ. Regulation, 616 So.2d 44 (Fla.1993).