144 P.3d 1260

**Eugene D. MARTINEZ, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**SYSCO, Respondent Employer,**

**AIG c/o Gallagher Bassett, Respondent Carrier.**

**No. 1 CA–IC 05–0141.**

Court of Appeals of Arizona, Division 1, Department M.

Oct. 26, 2006.

Eugene D. Martinez, Phoenix, In Propria Persona.

Laura L. McGrory, Chief Counsel, The Industrial Commission of Arizona, Phoenix, Attorney for Respondent.

Steven C. Lester PC By Steven C. Lester, Phoenix, Attorney for Respondents Employer and Carrier.

## OPINION

OROZCO, Judge.

■ ¶ 1 This opinion results from this court's sua sponte examination of its jurisdiction over an Industrial Commission of Arizona (ICA) special action. *See, e.g., Musa v. Adrian,* 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981). In this opinion, we address whether filing a petition for special action at the ICA,

rather than in the court of appeals, complies with the jurisdictional requirement of a timely filed petition for special action. *See* Ariz. Rev.Stat. (A.R.S) §§ 23–951.A, –943.H (1995).

¶ 2 On November 21, 2005, the ICA issued its final decision upon review in petitioner employee's (claimant's) case. The last date for filing a timely petition for special action was December 21, 2005. *See* A.R.S. § 23–943.H. Petitioner, however, filed his petition at the ICA on December 21, 2005, rather than with this court. The ICA forwarded the petition to this court for filing, and it was received by the Clerk of this Court on December 27, 2005.

¶ 3 Consistent with A.R.S. § 23–943.H, each final ICA decision upon review contains the following language:

NOTICE: Any party dissatisfied with the Decision Upon Review may apply to the Arizona Court of Appeals, Division One, 1501 W. Washington, Phoenix, Arizona 85007, for a review of the lawfulness of the decision pursuant to the provisions of Arizona Revised Statutes, section 12–120.21B. and section 23–951A. See also Arizona Revised Statutes, Vol. 17B, Rule 10, Rules of Procedure for Special Actions. **This Decision Upon Review shall be final unless an application is made within thirty (30) days of the mailing of this Decision to the parties.** Arizona Revised Statutes section 23–943H.

¶ 4 A petition for special action should be filed in division one of the court of appeals, regardless of where the claimant's injury occurred or the ICA hearings were held. A.R.S. § 12–120.21.B (2003). If the petition is timely filed in division two or in the supreme court, the respective court clerk will transfer the petition to division one, where it will be deemed timely filed. *See* A.R.S. § 12–120.22.B (2003); ARCAP 4(a).[1]

¶ 5 In *Wilkinson v. Fabry,* 177 Ariz. 506, 869 P.2d 182 (App.1992), this court consid-

ered a civil notice of appeal that had been erroneously filed in the court of appeals instead of in the superior court. The *Wilkinson* court applied ARCAP 4(a) to hold that a notice of appeal filed within the thirty-day appeal period, but inadvertently filed in the wrong court, is still timely. *Id.* at 507, 869 P.2d at 183.

¶ 6 ARCAP 4(a) provides in pertinent part:

No papers received by the clerk within the time fixed for filing which if untimely filed would render the case, appeal or petition subject to dismissal by the appellate court for jurisdictional reasons, shall be refused by the clerk solely for the reason that they were not tendered for filing in the proper court or division. Rather, such papers shall be transmitted by the clerk to the proper court or division and shall be deemed timely filed.

This rule mirrors the language found in A.R.S. § 12–120.22.B:

No case, appeal or petition for a writ brought in the supreme court or court of appeals shall be dismissed for the reason only that it was not brought in the proper court or division, but it shall be transferred to the proper court or division.

¶ 7 Although both the statute and the rule refer to an appeal filed in the incorrect "court or division," Arizona Rules of Procedure for Special Actions 10(k) states that, except as otherwise provided, the Arizona Rules of Civil Appellate Procedure apply to our review of ICA awards. Because we find no authority that prohibits applying ARCAP 4(a) and doing so does not create a conflict with other laws or rules, we apply ARCAP 4(a) to this matter. *See Watts v. Indus. Comm'n,* 180 Ariz. 512, 514, 885 P.2d 1077, 1079 (1994) ("Rule 10(k), Rules of Procedure for Special Actions, incorporates the Rules of Civil Appellate Procedure by reference unless they are otherwise inconsistent with Rule 10.").

---

1. Under an informal arrangement between the two divisions of the court of appeals, division one transfers to division two petitions involving workers residing in a county within division two's geographical jurisdiction. Thereafter, in cases where the petition involves a worker resid-

ing within division two's geographical jurisdiction, division one will issue a writ directing the ICA to send its file directly to division two and issue orders notifying the parties of the transfer and advising them to file all future documents with division two.

¶ 8 ARCAP 4(a) and the statute, however, refer to an appeal filed in the incorrect "court or division." Although the ICA is an administrative agency and not a court, it acts as a quasi-judicial body with many judicial powers that only a court can exercise. *See Butler v. Indus. Comm'n*, 57 Ariz. 119, 125, 111 P.2d 628, 631 (1941) (recognizing ICA, "in making its awards, is acting as a quasi-judicial body of limited jurisdiction"); *Alabam's Freight Co. v. Hunt*, 29 Ariz. 419, 425, 242 P. 658, 659–60 (1926) (stating that the Industrial Commission is delegated many judicial powers that can be only exercised by a court even though it is not a court). Accordingly, we hold that Rule 4(a) similarly applies to the ICA. The ICA is therefore required to transmit a timely but misfiled special action petition to division one of the court of appeals. If the special action is timely filed with the ICA but untimely reaches this court, it will be deemed timely filed.

¶ 9 We find additional support for our reasoning in a recent Florida case, *Belvue v. Florida Unemployment Appeals Commission*, 812 So.2d 444 (Fla.Dist.Ct.App.2001). In *Belvue*, the claimant appealed from a final order that affirmed her disqualification from receipt of unemployment benefits. *Id.* at 445. The commission then moved to dismiss claimant's appeal as untimely. *Id.* at 444.

¶ 10 The applicable Florida rule of appellate procedure [2] required the claimant to file an original notice of appeal with the commission and provide a copy of the notice to the clerk of the district court within thirty days of the date of the commission's decision denying her unemployment benefits. *Id.* at 444–45. Claimant timely filed her notice of appeal, however, she incorrectly filed it at an employment service center instead of with the commission's clerk. *Id.* at 445. By the time the service center forwarded the notice to the commission's clerk, it was late. *Id.*

¶ 11 In finding claimant's notice of appeal timely, the district court held:

> We conclude that [claimant's] filing of the Commission's copy of the notice on April 11, 2001 (or April 18, 2001) was timely and that it is immaterial that it was filed in the South Broward Service Employment Center rather than with the Commission's clerk. First, the policy of our state is to make appellate review—even of *administrative agencies*—sensible, and not a minefield. The rules are written to simplify access to review. For example, they provide for the transfer of appeals to the correct court when notices are *misfiled* . . . . It makes good sense that if an appeal can successfully be commenced by timely filing a notice with a wrong court and subsequently transferring the appeal to the correct court, then [claimant's] timely filed notice forwarded from the service center to the Commission sufficed to vest jurisdiction in this court.

*Id.* (Emphasis added.) (Footnotes omitted.)

¶ 12 Our conclusion that a special action that is timely filed with the ICA rather than the court of appeals satisfies the jurisdictional requirement that a petition for special action be timely filed is consistent with the intent of Rule 4(a) "to prevent an *inadvertent* misfiling from causing forfeiture of a party's appeal." *Wilkinson*, 177 Ariz. at 507, 869 P.2d at 183. (Emphasis added.) Likewise, whenever possible, cases should not be resolved procedurally but by proceedings on the merits. *Cook v. Indus. Comm'n*, 133 Ariz. 310, 311, 651 P.2d 365, 366 (1982). We caution, however, that ARCAP 4(a) "is not intended as a rule of filing convenience for lawyers." *Wilkinson*, 177 Ariz. at 507, 869 P.2d at 183.

¶ 13 For the foregoing reasons, this court has jurisdiction over this appeal.

CONCURRING: PHILIP HALL and ANN A. SCOTT TIMMER, Judges.

---

2. In its analysis, the district court cited Florida Rule of Appellate Procedure 9.040(b)(1) as an example that Florida's rules are written to simplify access to review. Rule 9.040(b)(1), which is similar to our Rule 4(a), provides, "If a proceeding is commenced in an inappropriate court, that court shall transfer the cause to an appropriate court."