IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PAMELA A. JOHNSON, *Plaintiff/Appellant*,

*v.*

ARIZONA REGISTRAR OF CONTRACTORS, *Defendant/Appellee*.

No. 1 CA-CV 16-0266
FILED 5-25-2017

Appeal from the Superior Court in Maricopa County
No. LC2015-000452-001
The Honorable Crane McClennen, Retired Judge

**AFFIRMED**

COUNSEL

Porter Law Firm, Phoenix
By Robert S. Porter, Ryan P. Dyches
*Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By John R. Tellier, Thomas C. Raine
*Counsel for Defendant/Appellee*

## OPINION

Judge Patricia K. Norris delivered the opinion of the Court, in which Presiding Judge Kenton D. Jones and Judge Paul J. McMurdie joined.

N O R R I S, Judge:

¶1        Pamela A. Johnson, Plaintiff/Appellant, appeals the superior court's order dismissing her "appeal" from a final administrative decision of the Arizona Registrar of Contractors, Defendant/Appellee. Johnson argues that because Arizona Revised Statutes ("A.R.S.") section 12-904(A) (2016) does not state where an appealing party must file a notice of appeal from a final administrative decision, she was entitled to file her notice of appeal with the Registrar, instead of with the superior court. We reject this argument and affirm the superior court's order dismissing her appeal as untimely.

## BACKGROUND AND PROCEDURAL HISTORY

¶2        In 2010, homeowners hired Forsythe and Sons Construction, Inc. ("Forsythe") to complete roofing work on their house. In 2012, the homeowners sold the house to Johnson. After Johnson obtained possession of the house, she discovered that the roof leaked. Subsequently, she filed a complaint against Forsythe with the Registrar. An investigator for the Registrar investigated her complaint and issued a "Corrective Work Order" giving Forsythe 15 days to correct the deficient work. Forsythe failed to correct the work and ultimately the Registrar issued a finite suspension of Forsythe's license.

¶3        On October 7, 2014, Johnson filed a recovery fund claim with the Registrar.[1] The Registrar denied her claim and Johnson requested a hearing before an administrative law judge ("ALJ") of the Office of Administrative Hearings ("OAH") to challenge the Registrar's denial. After conducting a hearing, the ALJ ruled the Registrar had appropriately denied Johnson's claim. Pursuant to A.R.S. § 41-1092.08(B) (2013) (director may

---

[1]The Residential Contractors' Recovery Fund is a fund that allows the Registrar to award "any person injured by an act, representation, transaction or conduct of a residential contractor" an award not to exceed $30,000 "for damages sustained by the act, representation, transaction or conduct." A.R.S. § 32-1132(A) (2016).

accept, reject, or modify ALJ's decision), the Registrar accepted the ALJ's decision and the Registrar's decision became the final administrative decision in the case on September 15, 2015 ("September 15 Registrar Decision").

¶4     On October 14, 2015, Johnson attempted to appeal the September 15 Registrar Decision by filing a document entitled "Complainant's Notice of Appeal" with the Registrar (the "Registrar NOA"). That document listed Forsythe, but not the Registrar, as the "Respondent." Johnson did not file the Registrar NOA in the superior court. On October 21, 2015, Johnson delivered to the Registrar and the OAH a document entitled "Complainant's A.R.S. § 12-904B Notice." Johnson did not file that document in the superior court either. Finally, on October 27, 2015, Johnson filed a document entitled "Notice of Appeal from and Request for Review of Final Administrative Decision" in the superior court, listing Maricopa County as "Appellee" (the "Superior Court NOA"). That document did not list the Registrar as a party, however.

¶5     The Registrar moved to dismiss, arguing Johnson's Superior Court NOA was untimely under A.R.S. § 12-904(A), a statute that sets forth the procedure and deadlines for filing an action to review a final administrative decision. While that motion was pending, Johnson moved to amend the caption to substitute the Registrar and Forsythe as appellees. Although the superior court granted that motion, the superior court nevertheless granted the Registrar's motion to dismiss, finding Johnson's Superior Court NOA untimely under A.R.S. § 12-904(A).

## DISCUSSION

¶6     On appeal, Johnson does not dispute that she did not file her Superior Court NOA within the deadline established by A.R.S. § 12-904(A).[2] Instead, Johnson argues A.R.S. § 12-904(A) fails to state where an appealing

---

[2]Subject to certain exceptions not relevant here, service under A.R.S. § 12-904(A) is complete when the decision is personally delivered to the "party affected" or five days after the date the decision is mailed to the party's last known address. A.R.S. § 12-904(A). Here, the Registrar mailed the September 15 Registrar Decision to Johnson on September 15, 2015. Service was complete five days later on September 20, 2015. Because the 35th day fell on a Sunday, Johnson was required to file a notice of appeal from the September 15 Registrar Decision on or before October 26, 2015. Although Johnson filed the Registrar NOA with the Registrar on October 15, 2015, she did not file the Superior Court NOA in the superior court until October 27, 2015, one day after the appeal deadline.

party must file a notice of appeal from a final administrative decision and, therefore, the superior court should not have dismissed her appeal because she filed the Registrar NOA with the Registrar before the statutory appeal deadline expired. Exercising de novo review on this issue, we disagree. *See Doty-Perez v. Doty-Perez*, 241 Ariz. 372, 375, ¶ 17, 388 P.3d 9, 12 (App. 2016) (appellate court interprets statutes de novo) (citation omitted); *M-11 Ltd. P'ship v. Gommard*, 235 Ariz. 166, 168, ¶ 6, 330 P.3d 356, 358 (App. 2014) (appellate court reviews motion to dismiss for lack of subject matter jurisdiction de novo).

¶7 The process for judicial review of final administrative decisions is set out in title 12, chapter 7, article 6, A.R.S. §§ 12-901 to -914 (2016). Under A.R.S. § 12-904(A), "[a]n action to review a final administrative decision shall be commenced by filing a notice of appeal within thirty-five days from the date when a copy of the decision sought to be reviewed is served upon the party affected." The deadline for filing an administrative appeal is jurisdictional. *Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 413, ¶ 25, 132 P.3d 1187, 1193 (2006) (citation omitted). An untimely filing deprives the court of subject matter jurisdiction, and the appealing party forfeits the right to seek judicial review. *M-11 Ltd. P'ship*, 235 Ariz. at 168, ¶ 2, 330 P.3d at 358; *see also* A.R.S. § 12-902(B) ("Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of the decision.").

¶8 Although Johnson argues A.R.S. § 12-904(A) is silent on where an appealing party must file a notice of appeal, it is not, in fact, silent. To obtain judicial review of a final administrative decision, A.R.S. § 12-904(A) directs the appealing party to "commence" an "action" by filing a notice of appeal. By statute, an "action" is "any matter or proceeding in a court, civil or criminal." A.R.S. § 1-215(1) (Supp. 2016); *Semple v. Tri-City Drywall, Inc.*, 172 Ariz. 608, 611, 838 P.2d 1369, 1372 (App. 1992) (proceeding before the Registrar of Contractors was not an "action" for purposes of A.R.S. § 12-341.01 because it was not "a proceeding before a court of law"); *Action*, Black's Law Dictionary (10th ed. 2014) (action is "[a] civil or criminal judicial proceeding"); *see also* Mona Baskin and Mary DeLaat Williams, *Registrar of Contractors*, 3 Arizona Appellate Handbook § 34.3.6.2.1 (4th ed. 2014) ("An action for judicial review of a registrar's decision must be commenced by the filing of a Notice of Appeal for Judicial Review of an Administrative Decision in [the] superior court."). Therefore, A.R.S. § 12-904(A) directs an appealing party to file his or her notice of appeal with the

superior court, which commences the action to review a final administrative decision.

¶9        The Arizona Rules of Procedure for Judicial Review of Administrative Decisions ("JRAD"), which apply to actions under title 12, chapter 7, article 6, underscore A.R.S. § 12-904(A)'s directive. JRAD 1(b) incorporates the Arizona Rules of Civil Procedure. Arizona Rule of Civil Procedure 3, in turn, states, "[a] civil action is commenced by filing a complaint *with the court*." (Emphasis added.)

¶10        Even if A.R.S. § 12-904(A) was silent on where an appealing party is to file a notice of appeal, the statutory scheme for judicial review of administrative decisions makes clear Johnson was required to file her notice of appeal with the superior court, not with the Registrar. "We construe statutes to give effect to an entire statutory scheme." *Backus v. State*, 220 Ariz. 101, 104, ¶ 10, 203 P.3d 499, 502 (2009) (citation omitted). For example, A.R.S. § 12-905(B) provides "an action to review a final administrative decision *may be commenced in the superior court* of any county" that meets certain specified conditions. A.R.S. § 12-905(B) (emphasis added). Further, other provisions of title 12, chapter 7, article 6 require the appealing party to file certain documents with the agency, and these provisions would be meaningless if an appealing party could file his or her notice of appeal with the agency. *See Patches v. Indus. Comm'n*, 220 Ariz. 179, 182, ¶ 10, 204 P.3d 437, 440 (App. 2009) ("[C]ourts must, where possible, avoid construing statutes in such a manner as to produce absurd or unconstitutional results.").

¶11        For example, A.R.S. § 12-904(B) requires an appealing party to file a "notice of the action" with the OAH or the agency that conducted the hearing within ten days after filing a notice of appeal. If the appealing party could commence the action by filing the notice of appeal with the agency, no purpose would be served by filing the "notice of the action" with the agency as it already would have had notice of the action. Similarly, A.R.S. § 12-906 requires the appealing party to serve the notice of appeal on the administrative agency. This requirement would be superfluous if an appealing party could initiate an appeal by filing the notice of appeal with the agency itself. Finally, A.R.S. § 12-907 requires the agency responding to an appeal to file a notice of appearance in response to the notice of appeal. If A.R.S. § 12-904(A) permitted an appealing party to file a notice of appeal with the agency, there would be no need for the agency to then file a notice of appearance with itself.

¶12        Outside the context of title 12, chapter 7, article 6, A.R.S. § 12-284(A) (2016), which governs fees for civil proceedings, requires an

appealing party to pay the clerk of the superior court for filing of a notice of appeal under A.R.S. § 12-904. It would make little sense for an appealing party to pay fees to the superior court if that party could initiate an appeal with the agency directly.

¶13 Despite the foregoing, Johnson argues that because other appeal rights require the appealing party to initiate the appeal in the court from which the appeal is taken, we should construe the statutory scheme as allowing a party to file a notice of appeal from a final administrative decision with the agency rather than the superior court. Johnson points out that judgments rendered in a justice court are appealed to the superior court by filing a notice of appeal in the justice court, Ariz. R. Super. Ct. App. P. Civ. 3(a), and judgments rendered in the superior court are appealed to the court of appeals by filing a notice of appeal with the clerk of the superior court, Arizona Rule of Civil Appellate Procedure ("ARCAP") 8(a). Johnson also points out a party may obtain a hearing on an "appealable agency action or contested case" by filing a notice of appeal or request for a hearing with the agency. A.R.S. § 41-1092.03(B) (2013).

¶14 Johnson's argument, however, ignores these appeal rights are grounded on statutes or rules expressly requiring the appealing party to initiate the appeal by filing a notice of appeal with the entity that rendered the decision. No such statute or rule supports Johnson's argument that filing a notice of appeal with the Registrar is timely for purposes of A.R.S. § 12-904(A). "Courts will not read into a statute something that is not within the manifest intent of the legislature as indicated by the statute itself . . . ." *Cicoria v. Cole*, 222 Ariz. 428, 431, ¶ 15, 215 P.3d 402, 405 (App. 2009) (citation omitted). And, Johnson's argument ignores that the Arizona Rules of Civil Procedure, which require an appealing party to file a complaint in the superior court, are incorporated into JRAD. *See supra* ¶ 9.

¶15 The Legislature's 2012 amendment of A.R.S. § 12-904(A) does not, as Johnson also argues, evidence the Legislature's intent to allow an appealing party to initiate an appeal by filing the notice of appeal with the agency itself. Before 2012, A.R.S. § 12-904(A) required an appealing party to commence an appeal by filing a "complaint," tracking the language of Arizona Rule of Civil Procedure 3. In contrast, the current version requires an appealing party to file a "notice of appeal." A.R.S. § 12-904(A). The amendment, among other things, changed certain terminology, such as changing plaintiff and defendant to appellant and appellee, and removed the requirement that an appellee file an answer. The amendment did not, however, change where an appealing party is required to file the notice of appeal. The legislative history of the 2012 amendment, H.R. Bill Summary (April 23, 2012), S.B. 1193, 50th Leg., 2d Reg. Sess. (Ariz. 2012), does not

state or suggest that an appealing party may file the notice of appeal with the agency.

¶16            Finally, Johnson argues that even if she misfiled her notice of appeal in the "wrong forum," it was nevertheless timely filed in a forum and should be considered timely. We disagree.

¶17            In making this argument, Johnson relies on *Wilkinson v. Fabry*, 177 Ariz. 506, 869 P.2d 182 (App. 1992), and *Martinez v. Indus. Comm'n*, 213 Ariz. 531, 144 P.3d 1260 (App. 2006), both of which relied on the then in effect version of ARCAP 4(a). In *Wilkinson*, the appealing party filed his notice of appeal with the clerk of the court of appeals instead of the clerk of the superior court. *Wilkinson*, 177 Ariz. at 506, 869 P.2d at 182. Pursuant to ARCAP 4(a), we held the appealing party's notice of appeal was timely. *Id.* ARCAP 4(a) then provided:

> No papers received by the clerk within the time fixed for filing which if untimely filed would render the case, appeal or petition subject to dismissal by the appellate court for jurisdictional reasons, shall be refused by the clerk solely for the reason that they were not tendered for filing in the proper court or division. Rather, such papers shall be transmitted to the proper court or division and *shall be deemed timely filed*.

*Id.* at 507, 869 P.2d at 183 (quoting ARCAP 4(a)). Because the rule required the clerk of the court to transmit the notice of appeal to the proper court, the appealing party's notice of appeal filed with the clerk of the court of appeals was timely, even though it should have been filed in the superior court. *Id.*

¶18            Here, as discussed, *see supra* ¶ 9, the Arizona Rules of Civil Procedure, not ARCAP, apply to Johnson's claims. As discussed above, Arizona Rule of Civil Procedure 3 states, "A civil action is commenced by filing a complaint with the court." Therefore, the reasoning of *Wilkinson* and ARCAP 4(a) is inapplicable.

¶19            In *Martinez*, the appealing party filed his petition for special action from an Industrial Commission award with the Industrial Commission instead of with the court of appeals. *Martinez*, 213 Ariz. at 531-

32, ¶ 1, 144 P.3d at 1260-61. In addition to examining ARCAP 4(a), the court also considered A.R.S. § 12-120.22(B) (2016),[3] which provides:

> No case, appeal or petition for a writ brought in the supreme court or court of appeals shall be dismissed for the reason only that it was not brought in the proper court or division, but it shall be transferred to the proper court or division.

*Id*. at 532, ¶ 6, 144 P.3d at 1261.

¶20     Because the Arizona Rules of Procedure for Special Actions incorporated ARCAP, and the Industrial Commission acts as a "quasi-judicial body," we concluded that under ARCAP 4(a) and A.R.S. § 12-120.22(B), the misfiled petition for special action was timely. *Id*. at 533, ¶ 8, 144 P.3d at 1262.

¶21     Here, as discussed, *see supra* ¶ 18, former ARCAP 4(a) is inapplicable. Further, A.R.S. § 12-120.22(B) addresses appeals "brought in the supreme court or court of appeals." Johnson's appeal did not involve an appeal brought in either the supreme court or the court of appeals. Instead, the superior court sits as an appellate court in its review of the Registrar's final decision. *See* A.R.S. § 12-911 (outlining powers of superior court in reviewing agency's final decision). Finally, as discussed, *see supra* ¶ 8, on its face, A.R.S. § 12-904(A) requires an appealing party to file the notice of appeal with the superior court. Therefore, A.R.S. § 12-120.22(B) is inapplicable.

## CONCLUSION

¶22     For the foregoing reasons, we agree with the superior court that Johnson did not timely appeal the September 15 Registrar Decision. Therefore, we affirm the superior court's order dismissing her appeal.



AMY M. WOOD • Clerk of the Court
FILED:  AA

[3]This statute has not been amended since its adoption, we therefore cite the current version.