IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

BART M. SHEA, et al., *Plaintiffs/Appellants*,

*v.*

MARICOPA COUNTY, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0233
FILED 6-7-2022

---

Appeal from the Superior Court in Maricopa County
No. CV2018-053565
The Honorable Sally Schneider Duncan, Judge
The Honorable Lisa Daniel Flores, Judge (Retired)

**AFFIRMED**

---

COUNSEL

DKL LAW PLLC, Tempe
By David W. Lunn, Kathryn Lunn
*Counsel for Plaintiffs/Appellants*

Maricopa County Attorney's Office, Phoenix
By Wayne J. Peck, Joseph Branco
*Counsel for Defendants/Appellees*

---

**OPINION**

---

Presiding Judge Jennifer B. Campbell delivered the opinion of the Court, in which Judge Samuel A. Thumma joined. Chief Judge Kent E. Cattani dissented.

---

**C A M P B E L L**, Judge:

¶1　　　　Bart and Cheryl Shea (the Sheas) appeal from the dismissal of their lawsuit, which sought review of a decision of the Maricopa County Board of Adjustment (Board), and from the grant of summary judgment in favor of the county on its counterclaim. We agree with the superior court that, by filing a complaint for special action—not a notice of appeal—that only vaguely referenced the Board's decision, the Sheas did not timely seek review "in the manner" required by Arizona's Administrative Review Act (Act). *See* A.R.S. § 12-902(B) ("Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of the decision."); *see also* A.R.S. § 12-904(A) (requiring party to timely file "notice of appeal" that "identif[ies] the final administrative decision sought to be reviewed and include[s] a statement of the issues presented for review."). Because the Sheas' failure to comply with the Act deprived the superior court of jurisdiction, and because the record and law support the court's summary judgment ruling, we affirm.

**BACKGROUND**

¶2　　　　In 2017, Maricopa County's Planning and Development Department (Department) initiated code compliance proceedings against the Sheas, who own real estate in the county. After a hearing, the Department's hearing officer fined the Sheas for violating several Maricopa County Zoning Ordinances (MCZO) by building structures on their property without proper zoning, building, and drainage permits. The Sheas timely appealed the decision, but the Board affirmed the hearing officer's decision in February 2018.

¶3　　　　Twenty-nine days later, the Sheas filed a "VERIFIED COMPLAINT FOR SPECIAL ACTION (Declaratory Relief; Substantive Due Process; Procedural Due Process; Constitutional Violations)" in superior court, naming as "defendants" the county and the Board. In Count

1 of the complaint, the Sheas requested a declaration, pursuant to Arizona's declaratory relief act, "that the Department's finding and ruling was not supported by fact or law," that they owed no fines "as set forth in the Department's December 12, 2017 [sic]," and "that the Department's and County Attorney's actions were the result of improper retaliation." *See* A.R.S. §§ 12-1831 to -1846. In Count 2, the Sheas alleged the Department had violated their constitutional right to procedural due process by failing to comply with their discovery requests. In Count 3, the Sheas alleged the Department and the county attorney's office violated their constitutional right to substantive due process by prosecuting the code violations to retaliate against the Sheas.

¶4        The complaint did not specify the date of the Board's final decision or attach a copy, although it did provide the date the Sheas appealed to the Board and allege that "[t]he Board denied [their] appeal." As the basis for the court's venue and jurisdiction, the complaint cited various provisions in the Arizona Rules of Procedure for Special Actions, adding that the court "has jurisdiction over this matter pursuant to A.R.S. § 11-816(D)" and that, "[h]aving been aggrieved by a decision made by the Board, [the Sheas] file this appeal pursuant to A.R.S. § 11-816(D)." In addition to declaratory relief, the Sheas requested the court "accept jurisdiction of this Special Action," dismiss the citation or, alternatively, grant another hearing.

¶5        The Board and the county (collectively, the County) moved to dismiss the complaint, contending the superior court lacked special action jurisdiction because the Sheas had a statutory right to appeal under A.R.S. § 11-816(B)(3), which provides for judicial review of Board decisions pursuant to Arizona's Administrative Review Act. Accordingly, the County argued that the Sheas were "precluded from filing a Complaint for Special Action" and that their lawsuit must be dismissed because the court lacked jurisdiction. In opposing the motion, the Sheas were steadfast "that they have properly asserted Special Action Jurisdiction."

¶6        The court found that "[t]here [wa]s no dispute that [the Sheas] did not proceed under [the Act]," as required, and that they had proceeded under the incorrect subsection of § 11-816. Nonetheless, it denied the County's motion to dismiss and granted the Sheas leave to file an amended complaint. *Compare* § 11-816(B)(3) ("Judicial review of the final decision by the board of adjustment shall be pursuant to [the Act]") *with* § 11-816(D) ("Any person aggrieved in any manner by an action of a board of adjustment may appeal within thirty days to the superior court, and the matter shall be heard de novo.").

3

¶7        In August 2018, approximately five months after filing their original complaint, the Sheas filed an amended complaint, entitled "FIRST AMENDED VERIFIED COMPLAINT FOR APPEAL OF ADMINISTRATIVE ACTION." In the amended complaint, the Sheas cited the Act as the basis for the court's jurisdiction and removed the reference to § 11-816(D). But they did not cite § 11-816(B)(3), nor did they identify the final Board decision they were challenging or list the Board-related issues they believed were incorrect. The County answered and asserted a counterclaim seeking to enforce the fines imposed by the hearing officer. As defenses, the County alleged that the court lacked subject matter jurisdiction and that the complaint "violate[d] the requirements of A.R.S. § 12-904, mandating dismissal pursuant to A.R.S. § 12-902."

¶8        In 2019, after a judicial reassignment, the court *sua sponte* reconsidered its ruling on the County's motion to dismiss:

> Although the special action was filed within the 35 days specified for an appeal of an administrative decision, [the Sheas] filed a special action, rather than a notice of appeal. The complaint was not amended to state its intention to appeal the administrative decision until [five months after the 35-day deadline had passed].
>
> . . . . § 12-902(B) is clear that a timely appeal seeking judicial review of the agency decision is jurisdictional.

On that basis, the court dismissed the Sheas' complaint for lack of subject matter jurisdiction. The court later granted summary judgment in favor of the County on its counterclaim. After entry of final judgment, the Sheas timely appealed.

## DISCUSSION

¶9        The Sheas challenge the dismissal of their complaint and the grant of summary judgment in favor of the County.[1]

---

[1]        To the extent the Sheas attempt to raise an additional issue in their reply brief about whether the Department's proceedings denied them procedural due process, that argument is waived, *Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007), and as explained below, we lack jurisdiction to consider it. *See Natasha S. v. Dep't of Child Safety*, 246 Ariz. 491, 492, ¶ 5 (App. 2019) (explaining that "when jurisdiction is lacking in the trial court, it is lacking on appeal" (internal quotation marks omitted)).

## I.   Dismissal for Lack of Subject Matter Jurisdiction

**¶10**        The Sheas contend the superior court had subject matter jurisdiction over the issues raised. Because the court dismissed the Sheas' amended complaint after the County answered, we treat its ruling as one granting judgment on the pleadings. *See* Ariz. R. Civ. P. 12(c). In reviewing a grant of judgment on the pleadings, we accept the well-pled factual allegations in the complaint as true and review the court's legal conclusions de novo. *Muscat by Berman v. Creative Innervisions LLC*, 244 Ariz. 194, 197, ¶ 7 (App. 2017). We also review the superior court's determination that it lacked subject matter jurisdiction and its interpretation of the Act de novo. *Ariz. Physicians IPA, Inc. v. W. Ariz. Reg'l Med. Ctr.*, 228 Ariz. 112, 114, ¶ 9 (App. 2011).

**¶11**        Arizona law gives counties the power to enact zoning regulations and to enforce them by withholding building permits and issuing civil penalties. *See* A.R.S. §§ 11-811, -815(D). A county that establishes civil penalties may appoint hearing officers to conduct hearings to determine whether violations have occurred and to assess civil penalties, as Maricopa County has done. § 11-815(E); MCZO § 1504.3. A party may challenge a hearing officer's decision by timely appealing to the county's board of adjustment. A.R.S. § 11-816(B)(3); MCZO § 1504.3.7.

**¶12**        To properly appeal a board of adjustment's final decision, in turn, a party must seek judicial review pursuant to the Act and comply with applicable procedural requirements. *See* § 11-816(B)(3) ("Judicial review of the final decision by the [Board] shall be pursuant to [the Act]"); *see also* Ariz. R.P. Jud. Rev. Admin. Dec. ("JRAD") 1(a), 4. Under the Act, to commence "[a]n action to review a final administrative decision," a party must file "a notice of appeal" in the superior court within 35 days of service of the final decision. § 12-904(A); *Johnson v. Ariz. Registrar of Contractors*, 242 Ariz. 409, 412, ¶ 8 (App. 2017) (construing § 12-904(A) to contain filing location requirement). By statute, the notice of appeal must (1) "identify the final administrative decision sought to be reviewed" and (2) "include a statement of the issues presented for review." § 12-904(A); *see also* A.R.S. § 12-909(A) ("The notice of appeal shall contain a statement of the findings and decision or part of the findings and decision sought to be reviewed.").

**¶13**        The procedural requirements of § 12-904(A) are jurisdictional. A.R.S. § 12-902(B) ("Unless review is sought . . . within the time *and in the manner provided in [the Act]*, the parties to the proceeding . . . shall be barred from obtaining judicial review of the decision." (Emphasis added)); *see Legacy Found. Action Fund v. Citizens Clean Elections Comm'n*, 243 Ariz. 404,

408, ¶ 17–18 (2018) (explaining jurisdictional effect of 35 day time limit); *see also Johnson*, 242 Ariz. at 411, ¶¶ 4–6 (affirming dismissal where plaintiff filed notice of appeal with agency). Thus, the superior court only has jurisdiction to review an administrative decision under the Act if a party files a notice of appeal (1) in a timely manner (the "when"), (2) in the right place (the "where"), and (3) in the proper form (the "what").[2] *See Ariz. Dep't of Econ. Sec. v. Holland*, 120 Ariz. 371, 373 (App. 1978) ("Appeal being a statutory privilege, jurisdictional requirements prescribed by statute must be strictly complied with to achieve entrance to appellate review.").

¶14 Here, the Sheas' original complaint for special action was filed in the correct court and within the required time frame. But it was not in the proper form. It was not captioned as a notice of appeal; it did not cite the Act as the basis for the superior court's jurisdiction; and it did not specify the final Board decision being challenged or identify any issues related to that decision. The complaint only vaguely referenced the Board's denial of the Sheas' appeal, focusing instead on "the Department's finding and ruling," the Department's conduct during discovery, and the Department's motivations for enforcement.[3] Although the filing of the action suggests the Sheas felt the Board had not correctly resolved those issues, the complaint gave no indication of how the Board had erred in its review.

¶15 The Sheas amended complaint did not cure these deficiencies. The amended complaint still failed to comply with § 12-904(A)'s decision and issue identification requirements. And, even if it had complied, it was untimely. The amended complaint was filed long after the deadline to appeal had passed, and it did not relate back to the original complaint under Rule 15 of the Arizona Rules of Civil Procedure because that rule

---

[2] The Act also requires an appealing party to give notice of the action to the agency that held the hearing, within ten days of filing a notice of appeal, so the agency can send the record to the superior court. § 12-904(B). The Sheas failed to comply with this requirement as well, as they did not give notice of their appeal to the Board until December 2018—more than eight months after the deadline. We need not decide whether the Sheas failure to comply with § 12-904(B) also deprived the superior court of jurisdiction, however, given their failure to comply with § 12-904(A).

[3] The complaint did contain a reference to a "Departmental Report" number that was referenced during the Board hearing. There is nothing in the complaint, however, that clearly links that number to the Board's February 2018 decision.

does not apply in actions for judicial review under the Act. *See* JRAD 1(b) ("Except as provided elsewhere in these rules, the Arizona Rules of Civil Procedure do not apply to proceedings held pursuant to [the Act].").

¶16            In sum, because the Sheas failed to comply with § 12-904(A)'s requirements, they failed to timely seek review "in the manner" required by the Act. Under § 12-902, that defect deprived the superior court of jurisdiction to review the Board's decision under the Act. And, although the court's dismissal ruling did not address whether it might nonetheless exercise special action jurisdiction, it did not err by failing to do so. *See Glaze v. Marcus*, 151 Ariz. 538, 540 (App. 1986) ("We will affirm the trial court's decision if it is correct for any reason, even if that reason was not considered by the trial court."). Special action jurisdiction does not lie where there is an equally plain, speedy, and adequate remedy by appeal. Ariz. R.P. Spec. Act. 1(a); *see also State ex rel. Romley v. Fields*, 201 Ariz. 321, 323, ¶ 4 (App. 2001) (explaining that special action jurisdiction "should be reserved for 'extraordinary circumstances'"). The Sheas had an adequate avenue to challenge the Board's decision under the Act, one that was almost certainly plainer and speedier than the one they chose. Their failure to properly pursue that statutorily mandated remedy was fatal to the court's jurisdiction.

¶17            In finding the superior court lacked jurisdiction here, we do not suggest that a mere mislabeled caption divests the court of jurisdiction or that "in the manner" means anything more than what the Act plainly states. We need not decide what would happen if a notice of appeal contained a technical flaw, such as a typo in the date of the challenged decision, but otherwise complied with the Act's requirements. That scenario bears little resemblance to the case before us. We decide only that the superior court lacks jurisdiction where, as here, a plaintiff fails to timely comply with the express manner requirements in § 12-904(A).

¶18            The Sheas and the dissent argue that manner defects, like those in their original complaint, are not necessarily jurisdictional. The Sheas base their argument on the reference to "any document" in § 12-902(B), which provides as follows:

> Unless review is sought of an administrative decision within the time and in the manner provided in this article, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of the decision. If under the terms of the law governing procedure before an agency an administrative decision becomes final because of failure to file

> *any document* in the nature of an objection, protest, petition for hearing or application for administrative review within the time allowed by the law, the decision is not subject to judicial review under the provisions of this article except for the purpose of questioning the jurisdiction of the administrative agency over the person or subject matter.

(Emphasis added). The "any document" language in the second sentence of subsection (B), however, describes the myriad of ways a decision may become unreviewable due to a party's failure to pursue remedies at the agency level. *See Sw. Paint & Varnish Co. v. Ariz. Dep't of Env't Quality*, 194 Ariz. 22, 24, ¶ 10 (1999) ("We read § 12–902(B) as encompassing the traditional doctrine of exhaustion of administrative remedies. . . ."). That broad language does not modify the first sentence of subsection (B), which defines consequences for a party's failure to seek judicial review "in the manner" required by the Act in the superior court. *See Legacy Found. Action Fund*, 243 Ariz. at 407, ¶ 15 (2018) ("The second sentence [of § 12-902(B)] limits otherwise applicable appeal rights. . . ."). A contrary reading would render the phrase "in the manner" superfluous, contrary to basic principles of statutory construction. *See Wyatt v. Wehmueller*, 167 Ariz. 281, 284 (1991) (explaining that, in interpreting an ambiguous statute, "the court must read the statute as a whole, and give meaningful operation to all of its provisions.").

**¶19**　　　　Going one step further, the dissent proposes we adopt a harmless error standard that has no connection to, and indeed conflicts with, the text of the Act. In essence, the dissent suggests that the appealing party has properly invoked the superior court's jurisdiction under the Act when the other party is not confused about content of the appeal. But the dissent's free-form procedural proposal, which neither party advocated for during briefing, is inconsistent with § 12-904's express procedural requirements and § 12-902's jurisdictional bar. Moreover, a harmless error standard would be fact-intensive and require resolution on a case-by-case basis, which would undermine the legislature's goal of efficient and simple administration of judicial review. *See* A.R.S. § 12-903 (authorizing supreme court to make procedural rules "for the purpose of making [the Act] effective for the convenient administration of justice, and simplifying procedure so far as it affects judicial review of administrative decisions."). A harmless error standard is also unnecessary because the Supreme Court has plainly defined the procedural requirements for notices of appeal and provided a roadmap for compliance by developing a user friendly form. *See* JRAD 4(a), Form 1.

¶20      The dissent cites several cases in support of its proposal, but the issues in those cases were the superior court's special action jurisdiction and this court's appellate jurisdiction, not the superior court's jurisdiction under the Act. *See Sheppard v. Ariz. Bd. of Pardons and Paroles*, 111 Ariz. 587, 588 (1975) (considering whether superior court could exercise special action jurisdiction over constitutional claim after plaintiff mistakenly alleged jurisdiction under the Act); *see also Boydston v. Strole Dev.*, 193 Ariz. 47, 49–50, ¶¶ 6, 9 (1998) (considering whether court of appeals had to dismiss appeal from final judgment where notice of appeal was filed by corporation rather than counsel); *McKillip v. Smitty's Super Valu, Inc.* 190 Ariz. 61, 63 (App. 1997) (considering effect of notice of appeal that referenced unappealable order rather than underlying judgment).

¶21      That jurisdictional difference matters because the filing requirements for special actions and appeals to this court are procedural in nature and governed by court rules. *See* Ariz. R.P. Spec. Act. 1(a) ("Special forms and proceedings for these writs are replaced by the special action provided by this Rule, and designation of the proceedings as certiorari, mandamus, or prohibition is neither necessary nor proper."); *see also State v. Birmingham*, 96 Ariz. 109, 110 (1964) ("We now are of the opinion that[,] while the right to appeal [under A.R.S. § 12-2101] is substantive[,] the manner in which the right may be exercised is subject to control through the use of procedural rules."); ARCAP 8, 9(a) (defining timing and content requirements for notice of appeal). In contrast, as described above, the filing requirements for judicial review under the Act include statutory prerequisites that impose substantive limits on the right to appeal. *See* § 12-902(B); *see also Holland*, 120 Ariz. at 373 ("Judicial review of administrative decisions is not a matter of right except when authorized by law."); § 12-903 (prohibiting court rules "inconsistent with" the Act). So, while *Sheppard*, *Boydston*, and *McKillip* suggest that harmless violations of court rules, including JRAD, may be curable, they do not suggest that similar leniency is due with respect to statutory prerequisites limiting the right to judicial review under the Act.[4] Permitting such leniency would impermissibly enlarge that substantive right to appeal.

---

[4]      The Sheas also largely failed to comply with JRAD 4, which provides greater specificity on the proper way to file a notice of appeal under the Act. Under JRAD 4, a party must file a "Notice of Appeal for Judicial Review of Administrative Decision" that contains certain contents, some of which are duplicative of the requirements in the Act. JRAD provides "a template for the notice of appeal," Form 1, that contains the correct caption and prompts

## II.    Grant of Summary Judgment on County's Counterclaim

¶22         In its counterclaim, the County sought to enforce payment of the fines imposed by the Department ($750 plus $75 per day while the violations continued). *See* § 11-815(D) (authorizing civil penalties for violations of zoning ordinances, with each day of continuance being a separate offense). In their response to the County's motion for summary judgment, the Sheas argued that the County should not have fined them in the first place and that the fines imposed were unreasonable and unconstitutional. The superior court granted summary judgment in favor of the County because it found the Sheas were attempting to "relitigate[e] the facts" of their dismissed complaint. On appeal, the Sheas argue the superior court should have considered evidence of their substantial compliance with the MCZOs, contending that evidence would have created material issues of fact.

¶23         The superior court must grant summary judgment "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). In reviewing a grant of summary judgment, we review de novo whether any genuine issues of material fact exist and whether the superior court properly applied the law. *Sign Here Petitions LLC v. Chavez*, 243 Ariz. 99, 104, ¶ 13 (App. 2017). We view the facts in the light most favorable to the Sheas, as the non-moving parties. *Id.*

¶24         Here, the Sheas did not dispute that the Department fined them for violating the MCZOs and that they had not paid the fines. And they did not offer evidence showing the violations had ceased, i.e., that they had obtained new permits or removed the unpermitted structures. Thus, there was no dispute about any fact material to the County's counterclaim. The Sheas cite no authority suggesting that substantial compliance is a defense to a claim to enforce fines for zoning violations. Indeed, any violation of a zoning ordinance constitutes a public nuisance. § 11-815(C); *see also* MCZO § 1502.3. The Sheas' substantial compliance evidence appears

---

for all of the content required. JRAD 4(a), Form 1. Had the Sheas complied with the Act's requirements but failed to comply fully with JRAD 4, the dissent's harmless error standard might have been appropriate. But even under that standard, we do not agree that the Sheas' procedural machinations caused no confusion. While the County did concede at oral argument it "w[as] aware [the Sheas] were appealing," it asserted it "had no idea *what* they were appealing" because the Sheas original complaint did not include a statement of the issues presented for review.

to go to their argument that the Department should not have fined them in the first place. But that argument was foreclosed when the superior court dismissed their complaint. Because the facts material to the County's counterclaim were not in dispute, the County was entitled to summary judgment.

**CONCLUSION**

¶25        We affirm. Appellees may recover their taxable costs incurred in this appeal upon compliance with ARCAP 21.

C A T T A N I, Chief Judge, dissenting:

¶26        I disagree that the Sheas' complaint in superior court was jurisdictionally barred.  The Sheas' original complaint was timely filed, and it was submitted in the correct court.  The complaint also identified—albeit inartfully—the decision being challenged and issues to be reviewed.  From my perspective, concluding that the complaint was jurisdictionally barred places form over substance and improperly denies the Sheas their day in court.  Accordingly, I respectfully dissent.

¶27        As it turns out, I agree with the Majority on almost everything.  I agree (*see supra* ¶ 12) that the Administrative Review Act (the "Act"), A.R.S. §§ 12-901 to -914, is the proper vehicle for seeking judicial review of the Board's final decision in this type of Board proceeding.  A.R.S. § 11-816(B)(3).  I likewise agree (*see supra* ¶¶ 12–13) that the Act imposes: (1) a time requirement—the appeal must be filed within 35 days of service of the decision to be reviewed, *see* A.R.S. § 12-904(A); (2) a place requirement—the appeal must be filed in the superior court, not with the administrative body, *see* A.R.S. § 12-905(A); *see also Johnson v. Ariz. Registrar of Contractors*, 242 Ariz. 409, 411–12, ¶¶ 6–9 (App. 2017); and (3) a manner requirement—for our purposes, the criteria set forth in § 12-904(A).  I also agree (*see supra* ¶ 12) that the Act provides two substantive "manner" requirements: the notice of appeal must "identify the final administrative decision sought to be reviewed" and must "include a statement of the issues presented for review" (which is deemed to encompass subsidiary issues).  A.R.S. § 12-904(A); *see also* A.R.S. § 12-909(A).  And I agree (*see supra* ¶ 13) that the Act makes failure to comply with these requirements—that is, failure to seek review "within the time and in the manner provided" by the Act—a jurisdictional defect.  A.R.S. § 12-902(B); *see also Ariz. Dep't of Econ. Sec. v. Holland*, 120 Ariz. 371, 373 (App. 1978) (requiring strict compliance with the Act's requirements "to achieve entrance to appellate review").

**¶28**        The Majority and I also agree (*see supra* ¶ 14) that—at least as to the Sheas' *original* complaint—the time and place requirements were met: that complaint was filed within the 35-day time limit, and it was correctly filed in the superior court.  We likewise agree (*see supra* ¶ 17) that a *technical* manner defect—here, for example, the fact that the Sheas improperly captioned their complaint as a special action rather than a "notice of appeal," *see* A.R.S. § 12-904(A)—does not necessarily create a jurisdictional bar.

**¶29**        We part ways only when it comes to whether the Sheas met the *substantive* manner requirement that their filing identify (1) the decision being challenged and (2) the issues to be reviewed.  *See* A.R.S. § 12-904(A). In my view, the Sheas' original complaint identified both, albeit in a roundabout way.

**¶30**        Regarding the decision being challenged, the Sheas' original complaint flagged the underlying proceedings before a hearing officer, specifically noting the "December 12, 2017 [] hearing" that led to a one-page December 20, 2017 judgment (a copy of which was attached).   The complaint explained that "[o]n or about January 10, 2018, [the Sheas] appealed the hearing officer's decision to the [Board]," and that "[t]he Board denied [the Sheas'] appeal."  The complaint then stated that the Sheas "file this appeal" as they "[h]av[e] been aggrieved by a decision made by the Board."

**¶31**        In my view, this recital sufficed to "identify the final administrative decision sought to be reviewed."  *See* A.R.S. § 12-904(A).  To be sure, the complaint took a circuitous route and asserted special action jurisdiction as well as appellate jurisdiction under the wrong subsection of § 11-816.  But read together, the cited assertions in the complaint showed that the Sheas were seeking review of the Board's decision to affirm the hearing officer's one-page ruling after the December 12, 2017 hearing.

**¶32**        Regarding issues to be reviewed, the Sheas' original complaint flagged the Planning & Development Department's finding of a building permit violation, which in turn precipitated the hearing that led to the judgment affirmed by the Board.  The complaint then, albeit couched as a request for declaratory relief, asserted "that the Department's finding and ruling was not supported by fact or law" and that the Sheas thus should "owe no fines or penalties."  The complaint further alleged that the Sheas "ha[d] been denied their right to procedural due process" by the Department's failure "to provide responsive documents to the proper requests," including by opposing the Sheas' "discovery motion . . . filed

with the hearing officer." Requested relief included overturning the ruling or remanding for rehearing.

**¶33**　　　　From my perspective, the complaint thus provided at least a bare minimum "statement of the issues presented for review." *See* A.R.S. § 12-904(A). Although the issues were expressed awkwardly, a fair reading of the complaint reflected a challenge to the factual and legal basis for the hearing officer's ruling (as affirmed by the Board) and alleged prejudicial procedural errors. No more detail is required, especially given the statutory directive that the issues stated are deemed to encompass subsidiary issues. *See* A.R.S. § 12-904(A).

**¶34**　　　　The Majority opines otherwise, reasoning that the Sheas' original complaint did not meet § 12-904(A)'s manner requirement because it ostensibly "did not specify the final Board decision being challenged or identify any issues related to that decision" and instead "only vaguely referenced the Board's denial of the Sheas' appeal." *See supra* ¶ 14. The complaint certainly could have been more clear. The relevant issues were scattered through the complaint, and the complaint sometimes conflated the Department's actions with the hearing officer's decision as affirmed by the Board. The complaint also included claims—like the Department's allegedly retaliatory motive—not properly raised in an appeal of the Board's decision under the Act. *See* A.R.S. § 12-910(F) (describing scope of review under the Act).

**¶35**　　　　But the issue here is not whether the complaint was perfectly persuasive on the merits or crafted with clarity. The issue is *jurisdiction*—baseline *access* to judicial review. For that purpose—and consistent with our often-expressed preference to disregard technical defects and address the merits of the cases before us—I remain unpersuaded that the Act deprives the court of jurisdiction based on technical flaws when an application for relief otherwise includes the substantive material required for review. *Cf., e.g.*, *Sheppard v. Ariz. Bd. of Pardons & Paroles*, 111 Ariz. 587, 588 (1975) (requiring the superior court to permit amendment of a complaint to cure an erroneous assertion of jurisdiction under the Act by invoking special action jurisdiction based on the principle that "this Court will consider any application 'which states sufficient facts to justify relief irrespective of its technical denomination'" (citation omitted)); *Boydston v. Strole Dev. Co.*, 193 Ariz. 47, 50, ¶ 12 (1998) (holding that a "defective notice of appeal does not necessarily deprive the court of appeals of jurisdiction" and may instead be cured "if it is neither misleading nor prejudicial to the appellee"); *McKillip v. Smitty's Super Valu, Inc.*, 190 Ariz. 61, 62 (App. 1997) (noting that this court "review[s] notices of appeal liberally, disregarding

technical, harmless errors in favor of disposition on the merits"); *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 6 (2008) (reaffirming the notice pleading standard for civil complaints); *Clemens v. Clark*, 101 Ariz. 413, 414 (1966) (reiterating our long-standing preference to decide cases on the merits).

¶36 Tellingly, neither the County nor the first superior court judge to rule on this matter had any trouble discerning the decision challenged or the issues raised based on the Sheas' original complaint. The County's motion to dismiss acknowledged that "the ruling with which [the Sheas] take exception was that of the hearing officer," that the Sheas had appealed that ruling to the Board, and that the Sheas' complaint sought "[r]eversal, modification or remand" of the Board's decision based on an assertion (among other arguments) that the "ruling was not supported by fact or law." The first judge likewise acknowledged the complaint's defects but concluded that "[t]he defects found as to [the Sheas'] filing are not jurisdictional in nature," meaning dismissal was inappropriate and that leave to amend was the proper remedy. The fact that the County and court understood the decision being challenged and (at least in general terms) the issues raised is a strong indicator that the Sheas' original complaint in fact satisfied the substance requirement under § 12-904(A).[5]

¶37 In sum, I acknowledge the shortcomings of the Sheas' filing, but I disagree with the Majority's conclusion that the Sheas' complaint was jurisdictionally barred. Miscaptioned and inartfully stated though it was, the Sheas' original complaint minimally complied with the statutory time, place, and manner requirements necessary to invoke the court's jurisdiction under the Act. I thus hesitate to construe the Sheas' errors as creating a jurisdictional defect—particularly when it seems abundantly clear that the County understood (based only on the complaint itself) what decision the Sheas were attempting to appeal and the issues they sought to have reviewed. Accordingly, I would reverse the dismissal, vacate the judgment on the County's counterclaim (which depended on viability of the underlying administrative decision), and remand to address the merits of the Sheas' claims.

---

[5] Counsel for the County in fact conceded during oral argument in this court that the County "w[as] aware [the Sheas] were appealing." Although—as the Majority notes, *see supra* ¶ 21 n.4—counsel went on to state that the County "had no idea what [the Sheas] were appealing," that assertion is unpersuasive given the County's motion to dismiss detailing its view of what the Sheas were appealing.

14

¶38        For these reasons, I respectfully dissent.



AMY M. WOOD • Clerk of the Court
FILED:    AA